# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812

---

| | |
|---|---|
| Caption in Supreme Court: | WALTER FENNELL, Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellant. |
| | |
| Docket No. | 113812 |
| | |
| Filed | December 28, 2012 |
| Rehearing denied | April 18, 2013 |
| | |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a Mississippi plaintiff who complained of exposure to asbestos had worked for the Illinois Central Railroad in Mississippi, Louisiana, Tennessee, and Alabama and filed an FELA action against the railroad in Illinois, in which it did business and had offices, it was an abuse of discretion to deny a defense motion to dismiss under the interstate doctrine of *forum non conveniens* where most of the witnesses were in Mississippi, even though it was argued that defendant's attorneys in Illinois had voluminous documents concerning defendant's knowledge about asbestos. |
| | |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of St. Clair County, the Hon. Lloyd A. Cueto, Judge, presiding. |
| | |
| Judgment | Appellate court judgment reversed.<br>Circuit court order reversed.<br>Cause remanded with directions. |

Counsel on
Appeal

Thomas R. Peters, Michael C. Hermann and Kenneth L. Halvachs, of Boyle Brasher LLC, of Belleville, for appellant.

William P. Gavin, of Belleville, and J. Timothy Eaton and Jonathan B. Amarilio, of Shefsky & Froelich Ltd., of Chicago, for appellee.

Herbert L. Zarov, Richard F. Bulger and Gary A. Isaac, of Mayer Brown LLP, of Chicago, for *amici curiae* Certainteed Corporation *et al.*

Brad A. Elward, of Heyl, Royster, Voelker & Allen, of Peoria, for *amicus curiae* Illinois Defense Trial Counsel.

Robert A. Clifford, of Chicago (Robert P. Sheridan, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

Justices

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Justices Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

Chief Justice Kilbride dissented, with opinion, and dissented upon denial of rehearing, with opinion.

Justice Thomas took no part in the decision.

## OPINION

¶ 1    The circuit court of St. Clair County denied the motion of defendant, Illinois Central Railroad Company, to dismiss a personal injury suit of plaintiff, William Fennell, based on interstate *forum non conveniens*. A divided panel of the appellate court affirmed. 2012 IL App (5th) 100504. This court allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We now reverse the judgment of the appellate court and the order of the circuit court, and remand the cause to the circuit court with directions to dismiss the action in accordance with our Rule 187(c)(2) (Ill. S. Ct. R. 187(c)(2) (eff. Aug. 1, 1986)).

¶ 2                                    I. BACKGROUND

¶ 3    In October 2002, plaintiff, with over 80 additional named plaintiffs, brought an action under the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51-60 (2000)) against defendant in the circuit court of Jefferson County, Mississippi. Plaintiffs sought recovery for personal injuries they allegedly sustained as a result of exposure to "asbestos and asbestos-

containing products" while employed by defendant. Plaintiffs alleged negligence under FELA and a violation of the Locomotive Inspection Act (49 U.S.C. §§ 20701-20703 (2000) (LIA, formerly known as Boiler Inspection Act)).

¶ 4    In 2004, plaintiff answered a set of defendant's interrogatories as follows. Plaintiff resided in Hazlehurst, Mississippi. Since 1970, plaintiff was employed by defendant as a brakeman, conductor, and engineer. Plaintiff stated that he was exposed to asbestos by working in defendant's facilities, and by working around and riding in defendant's diesel engines, box cars, and cabooses. Significantly, defendant's Interrogatory 21 asked plaintiff whether his employment with defendant "ever require[d] him to work in Jefferson County, Mississippi." Plaintiff answered that "in his duties with [defendant] he did work in Jefferson County and did work with and/or around asbestos and asbestos containing products." Defendant's Interrogatory 22 asked plaintiff to "identify by specific location (city, county, state)" where he was allegedly exposed to asbestos. Plaintiff answered that it was "impossible with complete accuracy to recount at this time each specific location" of his exposure to asbestos. Plaintiff concluded his answer by stating: "This interrogatory will be supplemented." In 2006, on defendant's motion, a Mississippi circuit court dismissed this consolidated action without prejudice.

¶ 5    In January 2009, plaintiff filed the instant complaint in the circuit court of St. Clair County, Illinois. Plaintiff again alleged negligence under FELA and a violation of LIA. Plaintiff alleged that he was employed by defendant from 1970 until 2007. During the course of his employment with defendant, plaintiff's required work "caused him to be exposed to asbestos, diesel exhaust, sand, environmental tobacco smoke, toxic dusts, gases, and fumes which caused him to suffer permanent injuries to his lungs."

¶ 6    Defendant propounded substantially the same set of interrogatories for the Illinois action as for the Mississippi action; plaintiff answered them in November 2009. Defendant's Interrogatory 21 asked plaintiff: "did your duties ever require you to work in St. Clair County, Illinois?" He answered, in full: "Plaintiff has been to Mobile, Alabama[;] New Orleans, Louisiana[;] and Memphis, Tennessee. Plaintiff became an engineer in 1988. Engineer School in Homewood, Illinois for one month." Defendant's Interrogatory 22 again asked plaintiff to identify the specific locations where he was exposed to the substances alleged in his complaint. His full answer: "Plaintiff was mostly in and out of Jackson, Mississippi to Gulfport, Louisiana, and McComb[,] Mississippi."

¶ 7    In May 2010, defendant filed a motion to dismiss the action pursuant to the interstate branch of the doctrine of *forum non conveniens*. See Ill. S. Ct. R. 187 (eff. Aug. 1, 1986). Defendant contended that Mississippi and not Illinois was the most convenient forum to try this case. The circuit court denied defendant's motion to dismiss. The appellate court granted defendant's petition for leave to appeal (Ill. S. Ct. R. 306(a)(2) (eff. Feb. 26, 2010)), and a divided panel of that court affirmed. 2012 IL App (5th) 100504. Justice Welch dissented, concluding as follows: "It is difficult, if not impossible, to find any nexus to Illinois, let alone to St. Clair County, in a *forum non conveniens* setting." *Id.* ¶ 47 (Welch, J., dissenting).

¶ 8    Defendant appeals to this court. We granted the Illinois Association of Defense Trial Counsel leave to submit an *amicus curiae* brief in support of defendant. We granted

-3-

Certainteed Corporation; Exxon Mobil Corporation; Ford Motor Company; General Electric Company; Riley Stoker Corporation; Rockwell Automation, Inc.; 3M Company; and Union Carbide Corporation leave to submit an *amici curiae* brief in support of defendant. We also granted the Illinois Trial Lawyers Association leave to submit an *amicus curiae* brief in support of plaintiff. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010). Additional pertinent background will be discussed in the context of our analysis of the issues.

¶ 9                                    II. ANALYSIS

¶ 10        Plaintiff alleges negligence under FELA, which applies to interstate railroads in their capacity as employers. See *Koehler v. Illinois Central Gulf R.R. Co.*, 109 Ill. 2d 473, 476 (1985). Preempting state tort remedies, FELA provides a statutory cause of action sounding in negligence for railroad employees' workplace injuries. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007) (quoting 45 U.S.C. § 51 (2000)).[1] Federal and state courts exercise concurrent jurisdiction under FELA. 45 U.S.C. § 56 (2000). The permission granted by Congress to bring FELA claims in state courts may be exercised in any state in which the carrier is found doing business. See *Miles v. Illinois Central R.R. Co.*, 315 U.S. 698, 702, 705 (1942). In the case at bar, it is undisputed that defendant does business in Mississippi and Illinois, among other states. Thus, FELA confers jurisdiction on both Mississippi and Illinois.

¶ 11                          A. *Forum Non Conveniens* Principles

¶ 12        However, defendant contends that plaintiff's FELA action should be dismissed as *forum non conveniens* in favor of a Mississippi forum. The doctrine of *forum non conveniens* assumes that there is more than one forum with the power to hear the case. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005); *Foster v. Chicago & North Western Transportation Co.*, 102 Ill. 2d 378, 381-82 (1984). The doctrine allows a court to decline jurisdiction of a case, even though it may have proper jurisdiction over the subject matter and the parties, if it appears that another forum can better serve the convenience of the parties and the ends of justice. *Gridley*, 217 Ill. 2d at 169; *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991). Illinois courts can apply the doctrine of *forum non conveniens* to FELA cases. *Missouri ex rel. Southern Ry. Co. v. Mayfield*, 340 U.S. 1, 5 (1950); *Foster*, 102 Ill. 2d at 383.

¶ 13        *Forum non conveniens* is applicable on both an interstate and intrastate basis. In other words, the doctrine may be applied not only where the choice is between forums in different states, but also where the choice is between forums in the same state. The same considerations of convenience and fairness apply in deciding the question of the forum for trial. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176 (2003) (collecting cases).

---

[1]Plaintiff also alleged a violation of LIA. That statute does not create a cause of action, but rather establishes a safety standard. The violation of that standard constitutes negligence *per se* under FELA. *Coffey v. Northeast Illinois Regional Commuter R.R. Corp. (METRA)*, 479 F.3d 472, 477 (7th Cir. 2007) (collecting cases).

Specifically, the focus of interstate *forum non conveniens*, at issue in the case at bar, is whether the case is being litigated in the most appropriate state. See *Eads v. Consolidated R. Corp.*, 365 Ill. App. 3d 19, 25 (2006); 3 Richard A. Michael, Illinois Practice § 14:1, at 220 (2d ed. 2011). In granting an interstate *forum non conveniens* motion, the action must be dismissed because an Illinois circuit court lacks the power to transfer the action to the court of another state. 3 Richard A. Michael, Illinois Practice § 14:1, at 220 (2d ed. 2011). The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense. Ill. S. Ct. R. 187(c)(2) (eff. Aug. 1, 1986).[2]

¶ 14    "The doctrine of *forum non conveniens* is founded in considerations of fundamental fairness and sensible and effective judicial administration." *Gridley*, 217 Ill. 2d at 169. Although the doctrine has a long history, its general application crystalized following *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 365 (1983). Illinois courts employ the analytical framework of *Gulf Oil* in *forum non conveniens* cases. See, *e.g.*, *Satkowiak v. Chesapeake & Ohio Ry. Co.*, 106 Ill. 2d 224, 228 (1985); *Foster*, 102 Ill. 2d at 381-82; *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 372-73 (1982).

¶ 15    In *Gulf Oil*, the Court discussed private interest factors affecting the litigants and public interest factors affecting court administration. Private interest factors include: the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Gulf Oil*, 330 U.S. at 508-09; *Gridley*, 217 Ill. 2d at 170 (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 516 (2002)); *Vinson*, 144 Ill. 2d at 310.

¶ 16    The relevant public interest factors include: the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a community with no connection to the litigation; and the interest in having local controversies decided locally. *Gulf Oil*, 330 U.S. at 508-09; *Vinson*, 144 Ill. 2d at 311.

¶ 17    In determining whether the doctrine of *forum non conveniens* applies, the circuit court must balance the public and private interest factors. *Gridley*, 217 Ill. 2d at 169-70; *Vinson*, 144 Ill. 2d at 310. The court does not weigh the private interest factors *against* the public interest factors. Rather, the court must evaluate the total circumstances of the case in determining whether the balance of factors strongly favors dismissal. See *Gridley*, 217 Ill. 2d at 170 (citing *Guerine*, 198 Ill. 2d at 518). " 'If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes

---

[2]However, in granting an intrastate *forum non conveniens* motion, the circuit court transfers the action to the circuit court of the most convenient county. Ill. S. Ct. R. 187(c)(1) (eff. Aug. 1, 1986).

it so valuable.' " *Dawdy*, 207 Ill. 2d at 176 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)).

¶ 18 A further consideration is deference to a plaintiff's choice of forum. A plaintiff's right to select the forum is substantial. Unless the factors weigh strongly in favor of transfer or dismissal, the plaintiff's choice of forum should rarely be disturbed. However, the plaintiff's choice is not entitled to the same weight or consideration in all cases. *Dawdy*, 207 Ill. 2d at 173; *Wieser*, 98 Ill. 2d at 367. When a plaintiff chooses the home forum or the site of the accident or injury, it is reasonable to assume that the choice of forum is convenient. However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference. *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173-74). "A plaintiff's 'home forum' for purposes of an interstate *forum non conveniens* motion is the plaintiff's home State." *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553 (1992).

¶ 19 Also, "courts have never favored forum shopping." *Dawdy*, 207 Ill. 2d at 174. Decent judicial administration cannot tolerate forum shopping as a persuasive or even legitimate reason for burdening communities with litigation that arose elsewhere and should, in all justice, be tried there. *Id.* at 175. Indeed, "[a] concern animating our *forum non conveniens* jurisprudence is curtailing forum shopping by plaintiffs." *Guerine*, 198 Ill. 2d at 521.

¶ 20 The defendant bears the burden of showing that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties. The defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006) (citing *Guerine*, 198 Ill. 2d at 518).

¶ 21 Although these controlling legal principles are generally recognized, each *forum non conveniens* case is unique and must be considered on its own facts. *Langenhorst*, 219 Ill. 2d at 443; *Gridley*, 217 Ill. 2d at 168; *Satkowiak*, 106 Ill. 2d at 228. The determination of a *forum non conveniens* motion lies within the sound discretion of the circuit court. On review, the circuit court's determination will be reversed only if it can be shown that the court abused its discretion in balancing the relevant factors. *Vinson*, 144 Ill. 2d at 309; *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278, 288 (1988); *Satkowiak*, 106 Ill. 2d at 228. An abuse of discretion will be found where no reasonable person would take the view adopted by the circuit court. *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169.

¶ 22 B. Application of Controlling Principles

¶ 23 The circuit court denied defendant's motion to dismiss in a memorandum order. The court ruled that it would be a convenient forum based on several findings: (1) substantial documentary evidence, critical to plaintiff's case, is located a short distance from the St. Clair County courthouse; (2) in-court testimony of two important witnesses for plaintiff would be available if the case were tried in Illinois, but unavailable if the case were tried in Mississippi; (3) St. Clair County is closer than Mississippi for plaintiff's expert witness from Chicago; (4) the citizens of St. Clair County "have an interest in traveling asbestos and other harmful substances"; and (5) the circuit court of St. Clair County "no longer has congested

-6-

trial dockets."

¶ 24    Without belaboring the point, the circuit court failed to recognize several private and public interest factors in its analysis. "The discretion to be exercised in ruling on a *forum non conveniens* motion is that of the trial court." *Fender v. St. Louis Southwestern Ry. Co.*, 49 Ill. 2d 1, 4 (1971). Accordingly, we remind our trial courts to include *all* of the relevant private and public interest factors in their analyses. See *Guerine*, 198 Ill. 2d at 520. We conclude that the circuit court abused its discretion in denying defendant's *forum non conveniens* motion to dismiss for the following reasons.

¶ 25    Initially, the circuit court failed to recognize that plaintiff originally filed his action in a Mississippi circuit court, and the action was dismissed without prejudice. However, instead of refiling in his first choice of forum, plaintiff refiled in an Illinois court. Nothing in the record suggests that the parties' ability to conduct discovery and engage in other pretrial matters was unduly hampered by proceeding in the Mississippi circuit court. Based on this circumstance alone, the circuit court of St. Clair County should have accorded diminished deference in its *forum non conveniens* analysis to what was plaintiff's *second* choice of forum. See *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 344 (1994); *Bruce v. Atadero*, 405 Ill. App. 3d 318, 328-31 (2010); *Wagner v. Eagle Food Centers, Inc.*, 398 Ill. App. 3d 354, 360-62 (2010).

¶ 26    Further, plaintiff does not reside in Illinois, and the cause of action did not arise in Illinois. Thus, for this reason alone, as the circuit court recognized, plaintiff's choice of an Illinois forum is entitled to less deference. See *Gridley*, 217 Ill. 2d at 170; *Wieser*, 98 Ill. 2d at 367-68. After balancing all of the relevant factors, granting *far* less deference to plaintiff's chosen Illinois forum, it is clear that those factors strongly favor dismissal in favor of a Mississippi forum.

¶ 27    Turning to the private interest factors, we begin with the convenience of the parties. Plaintiff resides in Hazlehurst, Mississippi, and defendant maintains offices in Memphis, Tennessee. Defendant contends that trial in Mississippi is substantially more convenient than in St. Clair County, Illinois, for the parties and witnesses. Defendant observes that plaintiff lives less than 25 miles from the circuit court of Copiah County, Mississippi, but is more than 530 miles from the circuit court of St. Clair County, located in Belleville, Illinois.[3] However, defendant cannot assert that plaintiff's chosen forum is inconvenient for him. See *Guerine*, 198 Ill. 2d at 518.

¶ 28    We next consider the relative ease of access to testimonial, documentary, and other evidence. Plaintiff's answers to defendant's interrogatories disclose 13 or 14 individuals—treating physicians, coworkers and family members—who are potential witnesses residing in Mississippi. Indeed, almost no one connected with plaintiff's side of the case resides in Illinois. The circuit court failed to recognize these many potential Mississippi witnesses in its analysis.

¶ 29    Before this court, plaintiff contends that the location of these witnesses should be given little weight because we do not know which of them will actually testify and what their

---

[3]We may take judicial notice of mileage distances. *Dawdy*, 207 Ill. 2d at 177.

testimony would actually be. We disagree. Requiring extensive investigation prior to deciding a *forum non conveniens* motion would defeat the purpose of the motion. *Gridley*, 217 Ill. 2d at 167 (citing *Piper Aircraft*, 454 U.S. at 258-59).

¶ 30    The circuit court did observe, without explanation, that "two of the most important witnesses to the plaintiff's case will testify live if the case stays in St. Clair County but won't if the case is transferred to Mississippi." Lyndle Burton, defendant's manager of industrial hygiene, works and resides in Illinois, and Charles Garrett, one of defendant's senior risk mitigation managers, works and resides in Tennessee.

¶ 31    This finding is unreasonable. In an affidavit, Garrett stated that a trial in the circuit court of Copiah County, Mississippi, would be "substantially more convenient" for him than a trial in the circuit court of St. Clair County. In any event, since Burton and Garrett are defendant's *employees*, it is unlikely that plaintiff would have difficulty in securing the attendance of these witnesses at a trial in Mississippi. See *Gridley*, 217 Ill. 2d at 174; *Jones*, 93 Ill. 2d at 374.

¶ 32    The circuit court found that a "Dr. Schorfeld [*sic*] of Chicago, Illinois is closer to St. Clair County than Mississippi." The record shows that plaintiff filed the instant complaint on January 15, 2009. In a February 11, 2009, report addressed to plaintiff's attorneys, Alvin J. Schonfeld, D.O., of Chicago, rendered an opinion on plaintiff's medical condition.

¶ 33    We acknowledge that a trial in Mississippi would require Dr. Schonfeld to travel from Chicago to Mississippi. However, courts are cautious not to give undue weight to the fact that a plaintiff's expert witness maintains an office in the plaintiff's chosen forum. To do so would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting an expert witness in what would actually be an inconvenient forum. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987) (collecting cases); see *Laverty v. CSX Transportation, Inc.*, 404 Ill. App. 3d 534, 539 (2010).

¶ 34    As an expert witness, Dr. Schonfeld would be compensated for any inconvenience regarding travel. *Eads*, 365 Ill. App. 3d at 31-32; accord *Hulsey v. Scheidt*, 258 Ill. App. 3d 567, 577 (1994) ("a compensated expert would be more inclined to testify wherever instructed"). However, all other workplace and medical witnesses are in Mississippi. Those witnesses are not available through compulsory process, and bringing any willing witnesses to St. Clair County would be costly. The residence of plaintiff, the situs of the injury, and the location of these witnesses all weigh in favor of the convenience of Mississippi over Illinois. See, *e.g.*, *McClain*, 121 Ill. 2d at 290-91; *Wieser*, 98 Ill. 2d at 368-69.

¶ 35    While defendant emphasizes the preponderance of witnesses located in Mississippi, plaintiff emphasizes the ease of access to documentary evidence in Illinois. In his memorandum in opposition to defendant's *forum non conveniens* motion to dismiss, plaintiff alleged that defendant's law firm has represented defendant in FELA asbestos litigation for more than 20 years in courts in Illinois, Kentucky, Tennessee, Mississippi, and Louisiana. Further, throughout those years, defendant's law firm has collected many key original documents that are relevant to the instant case. Plaintiff contended that he chose St. Clair County to file suit because this voluminous evidence is stored at the offices of defendant's law firm located in Belleville, St. Clair County. In its order denying defendant's *forum non*

*conveniens* motion to dismiss, the circuit court found that "just 5 miles from the St. Clair County Courthouse there exists almost 80 years of relevant evidence as to the defendant's knowledge of the exposure to asbestos and other harmful substances. This evidence is critical to the plaintiff's case."

¶ 36    However, we recognize that the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of Internet, email, telefax, copying machines, and world-wide delivery services, since those items can now be easily copied and sent. *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 281 (2011) (collecting cases). We conclude that the ease of accessing these documents does not outweigh the substantial inconvenience of requiring distant witnesses to travel to Illinois.

¶ 37    Another private interest factor is the possibility of viewing the premises, if appropriate. This convenience factor is not concerned with the *necessity* of viewing the premises, but rather is concerned with the *possibility* of a view, if appropriate. *Dawdy*, 207 Ill. 2d at 178 (citing *Gulf Oil*, 330 U.S. at 508). This possibility is an important consideration in ruling on a *forum non conveniens* motion. We observe that the appropriateness or necessity of viewing the premises is a decision left within the discretion of the circuit court at trial. *Id.* at 179.

¶ 38    In the instant case, defendant presented argument on this factor before the circuit court. However, that court did not mention it in its analysis. Before this court, the parties disagree on the weight this factor should receive.

¶ 39    If the instant case were tried in St. Clair County, and the circuit court determines that viewing the premises is appropriate or necessary, it would be irrational for a jury composed of St. Clair County residents to travel to Mississippi or Louisiana to view the premises, when such viewing could be accomplished more expeditiously if this case were tried in Mississippi. See *Dawdy*, 207 Ill. 2d at 179; *Laverty*, 404 Ill. App. 3d at 538 (dismissing action in favor of Michigan; possibility of viewing location of alleged asbestos exposure).

¶ 40    We next weigh all other practical considerations that make a trial easy, expeditious, and inexpensive. The circuit court did not recognize any additional private interest factors. Before this court, plaintiff observes that both his counsel and defendant's counsel maintain offices in St. Clair County. Plaintiff posits: "It therefore seems rather odd for defendant to claim that [it] is inconvenient for it to try a case where its attorneys are located." However, little weight should be accorded this consideration. See *Dawdy*, 207 Ill. 2d at 179; *Quaid v. Baxter Healthcare Corp.*, 392 Ill. App. 3d 757, 772 (2009).

¶ 41    In sum, plaintiff resides in Mississippi; the alleged exposure occurred in Mississippi and Louisiana; the vast majority of the identified witnesses, including the treating physicians, are located in Mississippi and are not subject to Illinois subpoenas; and a jury view of the premises would occur outside of Illinois. On the whole, we conclude that the private interest factors weigh heavily in favor of the convenience of a Mississippi forum over an Illinois forum.

¶ 42    The relevant public interest factors include judicial administration and court congestion, imposing jury duty on the residents of a community that is unrelated to the litigation, and the local interest in local controversies. *Vinson*, 144 Ill. 2d at 311 (quoting *Gulf Oil*, 330 U.S. at 508-09). We quote in full the circuit court's analysis of the public interest factors:

"The citizens of St. Clair County have an interest in traveling asbestos and other harmful substances. Finally, St. Clair County no longer has congested trial dockets. In fact, there are so few trials that as a matter of policy in Courtroom 404 if the attorneys agree on a jury week they get it. Guaranteed!"

The circuit court's balancing of the public interest factors represents an abuse of discretion.

¶ 43    Although the court congestion factor, by itself, is relatively insignificant, this court has repeatedly recognized that it is appropriate to consider the congested conditions of the docket in the plaintiff's chosen forum. *Dawdy*, 207 Ill. 2d at 181; *Wieser*, 98 Ill. 2d at 372-73 (collecting cases). Defendant presents official statistical data indicating that the docket of the circuit court of St. Clair County is more congested than that of the circuit court of Copiah County, Mississippi. However, as plaintiff observes, these gross filing statistics fail to address the relative size of each judicial system and the speed of disposition in each forum. Thus, we do not take this factor into account in our analysis.

¶ 44    Although the circuit court does not view its case load as congested, the other public interest factors weigh heavily against Illinois as the appropriate forum for this case. We assume, *arguendo*, that St. Clair County residents "have an interest in traveling asbestos and other harmful substances."

"However, this does not necessarily mean that any time such a relationship exists, the chosen forum is appropriate. To so hold would certainly cast doubt upon the continued vitality of the *forum non conveniens* doctrine. This is not the test. If so, any time there is a 'relevant connection' between the forum and the litigation, defendant would be subject to suit in that forum regardless of the inconvenience. This result is contrary to the purpose of the doctrine, which is to avoid litigation in an unduly inconvenient forum." *Jones*, 93 Ill. 2d at 377.

The public interest requires that causes which are without significant factual connections to particular forums be dismissed in favor of, or transferred to, convenient forums. This insures that those jurisdictions are not unfairly burdened with litigation in which they have no interest or connection. See *Bland*, 116 Ill. 2d at 228.

¶ 45    This court has repeatedly described the burdens of litigation carried by the public:

"Jury duty constitutes a burden to the citizens of a county who must serve on the jury. The county in which the trial is held is financially burdened by the payment of jurors' fees and by providing court personnel and court facilities. The court system of this State is also burdened by the necessity to provide judicial personnel and the machinery for appellate review." *Wieser*, 98 Ill. 2d at 371.

Accord *Satkowiak*, 106 Ill. 2d at 232 ("Illinois taxpayers should not be obligated to pay for litigation which is unrelated to Illinois any more than Illinois citizens should be burdened by sitting on juries in these cases."). Indeed, what this court observed in *Wieser* applies in this case: "Already this case has been considered by the circuit court of St. Clair County, the appellate court, and this court. There is no justification for imposing the burden of this litigation upon the judicial system of Illinois and of St. Clair County." *Wieser*, 98 Ill. 2d at 371.

¶ 46    If Illinois had any relevant or practical connection with this litigation, then it would have

an interest in providing a forum. However, plaintiff resides in Mississippi, works in Mississippi, and was allegedly exposed to asbestos in Mississippi or Louisiana. Illinois' only connection with this lawsuit is: the offices of the parties' counsel; accessible and transportable documents in the possession of defendant's counsel; and a compensated expert witness for plaintiff. This does not provide a significant factual connection with the instant case to justify imposition of the burdens of the litigation upon the citizens and court system of St. Clair County and Illinois. See *Bland*, 116 Ill. 2d at 229. "This court has consistently held that a case should not be tried in a forum that has no significant factual connections to the cause of action." *Foster*, 102 Ill. 2d at 383 (collecting cases). Rather, this dispute has significant connections to Mississippi, and residents of that state would certainly have an interest in having this localized controversy decided "at home." See, *e.g.*, *Vinson*, 144 Ill. 2d at 313; *McClain*, 121 Ill. 2d at 291.

¶ 47    We observe plaintiff's contention that Illinois has an interest in this lawsuit because defendant conducts business in Illinois. We disagree. It is assumed on a *forum non conveniens* motion that the plaintiff's chosen forum is a proper venue for the action. If defendant did no business in St. Clair County, that county would have been an improper venue for the case. Accordingly, a *forum non conveniens* motion causes a court to look beyond the criteria of venue when it considers the relative convenience of a forum. Merely conducting business in St. Clair County does not affect the *forum non conveniens* issue. See *Dawdy*, 207 Ill. 2d at 182; *Vinson*, 144 Ill. 2d at 311; *Bland*, 116 Ill. 2d at 226.

¶ 48    In sum, the weight of the private interest factors greatly favors Mississippi. The weight of the public interest factors greatly favors Mississippi. Further, the deference to plaintiff's choice of an Illinois forum is significantly lessened because: (1) Illinois was plaintiff's second choice of forum; and (2) plaintiff does not reside in Illinois and the action did not arise here. Considering all relevant private and public interests, we conclude that the balance of factors strongly favors dismissal in favor of a Mississippi forum.

¶ 49    This determination rested within the discretion of the circuit court, subject to reversal only upon a showing of abuse, *i.e.*, that no reasonable person would take the circuit court's position. See *Gridley*, 217 Ill. 2d at 169. We conclude that this standard was met in this case. Accordingly, we hold that the circuit court abused its discretion in denying defendant's *forum non conveniens* motion to dismiss in favor of a Mississippi forum.

¶ 50                                   III. CONCLUSION

¶ 51    For the foregoing reasons, the judgment of the appellate court and the order of the circuit court of St. Clair County are reversed, and the cause is remanded to the circuit court of St. Clair County with directions to dismiss this action in accordance with Supreme Court Rule 187(c)(2) (Ill. S. Ct. R. 187(c)(2) (eff. Aug. 1, 1986)).

¶ 52    Appellate court judgment reversed.

¶ 53    Circuit court order reversed.

¶ 54    Cause remanded with directions.

¶ 55    CHIEF JUSTICE KILBRIDE, dissenting:

¶ 56    I disagree with the majority's decision reversing the appellate and circuit court judgments in this case. In my view, the appellate court correctly held that the circuit court did not abuse its discretion in denying defendant's *forum non conveniens* motion. Accordingly, I respectfully dissent.

¶ 57    In deciding a *forum non conveniens* motion, the trial court balances private and public interest factors. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169-70 (2005). The private interest factors include: (1) convenience of the parties; (2) the relative ease of access to testimonial, documentary, and real evidence; and (3) any other practical considerations making trial easy, expeditious, and inexpensive. *First American Bank v. Guerine*, 198 Ill. 2d 511, 516 (2002). The public interest factors include: (1) the interest in deciding controversies locally; (2) the unfairness of placing the expense of a trial and the burden of jury service on the residents of a county that has little connection to the litigation; and (3) the administrative difficulties imposed by adding litigation to already congested court dockets. *Guerine*, 198 Ill. 2d at 516-17.

¶ 58    The defendant has the burden of showing the private and public interest factors "strongly favor" the defendant's choice of forum. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006). The defendant is required to show that the plaintiff's chosen forum is inconvenient for the defendant and that another forum would be more convenient for all parties. *Guerine*, 198 Ill. 2d at 518. The defendant cannot assert that the plaintiff's chosen forum is inconvenient for the plaintiff. *Guerine*, 198 Ill. 2d at 518.

¶ 59    "This court has repeatedly noted that the *forum non conveniens* doctrine gives courts discretionary power that should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 442. The trial court's decision on a *forum non conveniens* motion will be reversed only if the trial court abused its discretion in balancing the relevant factors. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003). An abuse of discretion occurs when no reasonable person would take the trial court's view. *Dawdy*, 207 Ill. 2d at 177.

¶ 60    The analysis must begin by acknowledging that plaintiff's choice of the Illinois forum is entitled to deference. A plaintiff's right to choose the forum is substantial and it should rarely be disturbed unless the other factors strongly favor transfer. *Dawdy*, 207 Ill. 2d at 173. The plaintiff's choice of forum receives " 'somewhat less deference when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum.' " *Langenhorst*, 219 Ill. 2d at 442-43 (quoting *Guerine*, 198 Ill. 2d at 517). Although the plaintiff's residence and the site of the injury are not located in Illinois, his choice of forum is, nevertheless, still entitled to deference. " '[W]hile the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides *** nonetheless the deference to be accorded is only *less*, as opposed to *none*.' " (Emphases in original.) *Guerine*, 198 Ill. 2d at 518 (quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997)).

¶ 61    The first private interest factor is the convenience of the parties. As noted, the defendant cannot assert that the plaintiff's chosen forum is inconvenient for the plaintiff. Rather, the defendant must show the chosen forum is inconvenient *for the defendant*. *Guerine*, 198 Ill. 2d at 518. Defendant has offices in Memphis, Tennessee. While defendant contends a trial in Mississippi would be more convenient for its representatives, the distance those representatives would have to travel is similar whether the trial is held in Illinois or Mississippi. As noted by the appellate court, the distance between Memphis and the Mississippi forum is 245 miles and the distance between Memphis and the Illinois forum is 268 miles. Overall, this factor does not clearly favor either forum.

¶ 62    The next factor is the relative ease of access to testimonial, documentary, and other evidence. Plaintiff disclosed 13 potential witnesses residing in Mississippi, including his family members, coworkers, and treating physicians. The record, however, does not disclose whether plaintiff actually intends to call those witnesses to testify and what their testimony might be. Further, the treating physicians are located in Mississippi, but it has been recognized that "physicians seldom testify in person." *Roberts v. Illinois Power Co.*, 311 Ill. App. 3d 458, 463 (2000). The use of evidence depositions may obviate the need for them to testify at trial. *Roberts*, 311 Ill. App. 3d at 465.

¶ 63    The plaintiff's expert witness, Dr. Schonfeld, lives in Chicago. A trial in St. Clair County would be substantially more convenient for him. While the convenience of a plaintiff's expert witness should not be given undue weight (*Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987)), that does not mean it should be given no weight at all.

¶ 64    The other potential witnesses are Charles Garrett, one of defendant's senior risk mitigation managers, and Lyndle Burton, defendant's manager of industrial hygiene. Garrett is located in Memphis, Tennessee. As previously noted, the Illinois and Mississippi forums are similarly convenient for witnesses located in Memphis. Burton resides in Homewood, Illinois. A trial in St. Clair County would be substantially more convenient for him.

¶ 65    Plaintiff has also identified as critical evidence documents and physical exemplars stored at the offices of defendant's attorneys in Belleville, Illinois. The trial court observed that "just 5 miles from the St. Clair County Courthouse there exists almost 80 years of relevant evidence as to the defendant's knowledge of the exposure to asbestos and other harmful substances. This evidence is critical to the plaintiff's case." Plaintiff asserts it would be difficult to transport those documents given their volume. Further, some of the documents are ancient and fragile, and they cannot be copied legibly. Plaintiff also asserts physical exemplars of asbestos-containing materials would be difficult to transport because they are considered hazardous materials. I agree with the appellate court that while transporting the documents and physical evidence to the Mississippi forum would not be impossible, it would certainly be more convenient to present them at a trial in St. Clair County. On balance, the ease of access to testimonial, documentary, and other evidence does not strongly favor either forum.

¶ 66    As for other practical considerations, I do not believe the possibility of a jury view of the injury site should be given significant weight in this case. The plaintiff did not suffer a site-specific injury. His injury occurred while working aboard moving trains over his 37-year

career. It is extremely doubtful that any premises where plaintiff worked is in the same condition as when he was exposed to toxic substances. See *Langenhorst*, 219 Ill. 2d at 448-49 (jury view of accident site was not appropriate given that the site was substantially changed and a view as it existed on the occurrence date was not possible). Given the circumstances of this case, a jury view of the injury site would likely not be appropriate.

¶ 67    Plaintiff observes that both parties in this case are represented by attorneys based in St. Clair County. Although little weight is given to the location of the parties' attorneys (*Dawdy*, 207 Ill. 2d at 179), that factor favors trial in St. Clair County. On balance, I do not believe the private interest factors strongly favor either forum.

¶ 68    The first public interest factor is the interest in deciding local controversies locally. On this factor, the appellate court aptly observed that "this case does not involve a controversy of a particularly local nature. The plaintiff seeks relief under two federal statutory schemes from a defendant who operates rail lines in multiple states. This is not the type of inherently local controversy that must be resolved in either Mississippi or Illinois." I agree that this factor does not favor either forum.

¶ 69    The trial court observed that "[t]he citizens of St. Clair County have an interest in traveling asbestos and other harmful substances." The defendant has train operations in Illinois and maintains a corporate presence in Illinois. Given those facts, I believe Illinois has a sufficient interest in this case to justify the expense of trial and the imposition of jury duty on its citizens.

¶ 70    Additionally, this case does not impose administrative difficulties by adding litigation to already congested court dockets. In this case, the trial court specifically stated, "St. Clair County no longer has congested trial dockets. In fact, there are so few trials that as a matter of policy in Courtroom 404 if the attorneys agree on a jury week they get it. Guaranteed!" This court has held that the trial court is in a better position to assess the burdens of its own docket. *Langenhorst*, 219 Ill. 2d at 451. Further, "[c]ourt congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly." *Guerine*, 198 Ill. 2d at 517. There is no evidence showing that the Mississippi forum would resolve this case more quickly.

¶ 71    In sum, the plaintiff has a substantial interest in choosing the forum where his rights will be vindicated. *Langenhorst*, 219 Ill. 2d at 452. After reviewing the relevant private and public interest factors, I believe they are fairly evenly balanced. At most, they may slightly favor trial in Mississippi. The defendant, however, has not met its burden of showing those factors "*strongly favor*" the Mississippi forum. This is not a case involving "*exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 442.

¶ 72    The trial court's decision on this *forum non conveniens* motion is entitled to substantial deference. The defendant has not shown that no reasonable person could take the view adopted by the trial court. Based on the facts of this case, I agree with the appellate court that the trial court did not abuse its discretion in denying the motion to dismiss based on *forum non conveniens*. I, therefore, respectfully dissent.

**Separate Opinion Upon Denial of Rehearing**

¶ 73   CHIEF JUSTICE KILBRIDE, dissenting upon denial of rehearing:

¶ 74   I would allow rehearing to address the plaintiff's arguments raised in his petition for rehearing. The plaintiff observes that this court's opinion faults the trial court for failing to consider several factors in deciding the *forum non conveniens* motion. In its opinion, this court reminds trial courts to "include *all* of the relevant private and public interest factors in their analyses." (Emphasis in original.) 2012 IL 113812, ¶ 24. Given the lack of comprehensive findings, plaintiff asks this court to remand to the trial court for a more thorough decision considering all *forum non conveniens* factors.

¶ 75   I agree that remanding to the trial court for more detailed findings would be consistent with our precedent. This court reviews a trial court's decision on a *forum non conveniens* motion for abuse of discretion. *Vinson v. Allstate*, 144 Ill. 2d 306, 309 (1991). As noted in this court's opinion, " '[t]he discretion to be exercised in ruling on a *forum non conveniens* motion is that of the trial court.' " 2012 IL 113812, ¶ 24 (quoting *Fender v. St. Louis Southwestern Ry. Co.*, 49 Ill. 2d 1, 4 (1971)). The trial court's decision will be reversed only if it abused its discretion in balancing the relevant factors. *Vinson*, 144 Ill. 2d at 309. The trial court's exercise of its discretion cannot be reviewed adequately when several of the *forum non conveniens* factors are not included in the analysis. The trial court did not exercise its discretion or balance those factors.

¶ 76   Under these circumstances, I believe this court should remand to the trial court for express findings on the omitted factors rather than the majority's judgment that simply reverses the trial court's decision. A remand to the trial court for findings on the omitted *forum non conveniens* factors would also be consistent with this court's reminder to trial courts to include all factors in the analysis.

¶ 77   Additionally, plaintiff observes that the record does not include a transcript of the hearing in the trial court. At the hearing, the trial court may have made findings on some of the factors omitted from its written decision. The trial court may have exercised its discretion in reviewing those factors, but failed to include them in its written order. Defendant, as the appellant, has the burden of presenting a sufficiently complete record for review. *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009). Any doubts arising from the incompleteness of the record must be resolved against the appellant. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Thus, any doubt on the factors omitted from the trial court's written order should be resolved against defendant for failing to present a complete record of the hearing on the *forum non conveniens* motion. In its opinion, however, this court holds many of those factors weigh in favor of finding the trial court abused its discretion.

¶ 78   Overall, I believe plaintiff's petition for rehearing presents important points not considered in this court's opinion. I would allow rehearing to address plaintiff's arguments. Accordingly, I dissent from the denial of the petition for rehearing and reaffirm my prior dissent from the majority opinion.