2026 IL App (1st) 250578-U

No. 1-25-0578

Order filed March 19, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHRISTINE CERESA, | ) | |
| | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County |
|   v. | ) | |
| | ) | |
| PD DERM, LTD. f/k/a THE ADVANCED COSMETIC | ) | |
| LASER AND SURGERY CENTER f/k/a | ) | |
| DERMATOLOGY LIMITED f/k/a PREMIER | ) | |
| DERMATOLOGY LTD., individually, and through its | ) | |
| agents and/or employees including without limit, doctors, | ) | |
| nurses, medical providers, and/or GAYLE | ) | |
| MCCLOSKEY, M.D.; FOREFRONT DERMATOLOGY, | ) | No. 24 L 12708 |
| S.C. f/k/a LEONE DERMATOLOGY f/k/a FOREFRONT | ) | |
| DERMATOLOGY ASSOCIATES f/k/a | ) | |
| DERMATOLOGY ASSOCIATES OF WISCONSIN, | ) | |
| S.C. d/b/a PREMIER DERMATOLOGY, LTD. d/b/a | ) | |
| THE DERM, A FOREFRONT DERMATOLOGY | ) | |
| PRACTICE, individually, and through its agents and/or | ) | |
| employees including without limit, doctors, nurses, | ) | |
| medical providers, and/or GAYLE MCCLOSKEY, M.D.; | ) | |
| GAYLE MCCLOSKEY, M.D., individually, and as an | ) | Honorable |
| agent and/or employee of PD DERM, LTD f/k/a THE | ) | Eileen M. O'Connor, |
| ADVANCED COSMETIC LASER AND SURGERY | ) | Judge Presiding. |
| CENTER f/k/a DERMATOLOGY LIMITED f/k/a | ) | |

No. 1-25-0578

PREMEIER DERMATOLOGY, LTD and/or )
FOREFRONT DERMATOLOGY, S.C. f/k/a LEONE )
DERMATOLOGY f/k/a FOREFRONT )
DERMATOLOGY ASSOCIATES f/k/a )
DERMATOLOGY ASSOCIATES OF WISCONSIN, )
S.C. d/b/a PREMIER DERMATOLOGY, LTD d/b/a THE )
DERM, A FOREFRONT DERMATOLOGY PRACTICE, )
ST. MARGARET'S HEALTH-PERU; ST. )
MARGARET'S HEALTH-SPRING VALLY d/b/a ST. )
MARGARET'S MIDTOWN PRIMARY CARE; and )
GRANT MICHAEL REED, D.O., )
)
       Defendants-Appellants. )

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion in denying defendants' motion to transfer venue pursuant to the doctrine of *forum non conveniens*.

¶ 2    This appeal stems from the circuit court's denial of a motion to transfer venue based on *forum non conveniens* that was filed by defendants, Gayle McCloskey, M.D., and Forefront Dermatology, S.C., doing business as Premier Dermatology, Ltd., and adopted by defendants, Grant Michael Reed, D.O., St. Margaret's Health-Peru, and St. Margaret's Health-Spring Valley doing business as St. Margaret's Midtown Primary Care (collectively, defendants). The underlying lawsuit was a medical malpractice claim brought by plaintiff, Christine Ceresa, alleging that defendants' negligent medical care resulted in a two-year delay in diagnosing basal cell carcinoma of the scalp. For the following reasons, we affirm.

¶ 3                       I. BACKGROUND

¶ 4     Ceresa filed her complaint in Cook County, alleging that Dr. McCloskey, an employee of Forefront Dermatology, and Dr. Reed, at the time of the alleged negligence, an employee of St. Margaret's Health-Peru, negligently failed to diagnose a basal cell carcinoma, a type of skin cancer. She asserted that between February 7, 2019, and November 11, 2020, Dr. McCloskey saw her for her scalp lesion for a total of five visits. Four of the visits were in person at Forefront Dermatology's office in Grundy County, and one was a telehealth appointment. Ceresa also received care from December 2017 to March 2021 from St. Margaret's Health and Dr. Reed for her worsening scalp lesion in offices located in LaSalle County.

¶ 5     On April 1, 2021, Ceresa went to Rush University Medical Center (Rush) in Cook County for her worsening scalp lesion. Providers at Rush ordered a biopsy of the lesion, and within days, Ceresa was diagnosed with basal cell carcinoma. A CT scan showed that the cancer had grown through her scalp and invaded her skull. Ceresa required chemotherapy, radiation, and multiple surgeries. Ceresa alleged that defendants' negligence left her permanently disabled and disfigured. She also alleged that the invasive cancer and need for prolonged treatment forced her to retire from her job as a probation officer.

¶ 6     Dr. McCloskey and Forefront Dermatology filed a motion to transfer the case from Cook County to Grundy County based on the doctrine of *forum non conveniens*. Defendants argued in their motion that Ceresa was allegedly injured in Grundy County, the alleged negligent treatment and care occurred in Grundy County, Dr. McCloskey worked at the Forefront Dermatology location in Grundy County, and defendants' records were in Grundy County. Defendants further argued that Ceresa did not reside in Cook County, and defendants did not render care to Ceresa in Cook County.

¶ 7 On February 27, 2025, the circuit court denied defendants' motion to transfer venue based on the doctrine of *forum non conveniens*. In a written order, the court found that Forefront Dermatology was a resident of Cook County because it maintained offices in Cook County, and therefore venue was proper in Cook County.

¶ 8 The court noted that because Ceresa did not reside in Cook County and the alleged failure to diagnose her skin cancer occurred in LaSalle and Grundy Counties, Ceresa's chosen forum of Cook County "receives less deference." The court then considered private interest factors affecting the convenience of the parties and public interest factors impacting the court's administration of its docket. It ultimately found that defendants failed to establish that those factors strongly favored transfer to Grundy County.

¶ 9 Forefront Dermatology and McCloskey appealed. Dr. Reed, St. Margaret's Health-Peru, and St. Margaret's Health-Spring Valley moved to adopt McCloskey and Forefront Dermatology's petition for leave to appeal.

¶ 10                                II. ANALYSIS

¶ 11 On appeal, defendants contend that the circuit court abused its discretion when it denied their motion to transfer venue based on the doctrine of *forum non conveniens*. Ceresa maintains that the circuit court did not abuse its discretion in denying the motion, as the public interest and private interest factors did not strongly favor transfer to Grundy County.

¶ 12 As an initial matter, we note that venue was proper in Cook County. Illinois law requires every action to "be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining judgment against [them] and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the case of action arose." 735 ILCS 5/2-101 (West

- 4 -

2024). A private corporation is a resident of "any county in which it has its registered office or other office or is doing business." 735 ILCS 5/2-102 (West 2024). Forefront Dermatology has offices in Cook County and therefore venue was proper in Cook County.

¶ 13 We now turn to the defendants' motion to transfer venue. The doctrine of *forum non conveniens* assumes that there is more than one forum with the power to hear the case. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 12. "The doctrine allows a court to decline jurisdiction of a case, even though it may have proper jurisdiction over the subject matter and the parties, if it appears that another forum can better serve the convenience of the parties and the ends of justice." *Id.*

¶ 14 In determining whether the doctrine of *forum non conveniens* applies, the circuit court must balance the public and private interest factors. *Id.* ¶ 17. The court does not weigh the private interest factors against the public interest factors, but rather "must evaluate the total circumstances of the case in determining whether the balance of factors strongly favors dismissal." *Id.*

¶ 15 The private interest factors include: the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id.* ¶ 15.

¶ 16 The relevant public interest factors include: the unfairness of imposing jury duty upon residents of a community with no connection to the litigation; the interest in having local controversies decided locally; and the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin. *Id.* ¶ 16.

¶ 17 A circuit court is afforded considerable discretion in ruling on a *forum non conveniens* motion. *Langhorst v. Norfolk Southern Railway Co.*, 219 Ill. 2d 430, 441 (2006). We will reverse the circuit court's decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors. *Id*. at 442. A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court. *Id*.

¶ 18 A. Plaintiff's Choice of Forum

¶ 19 An initial consideration is deference to a plaintiff's choice of forum. *Fennell*, 2012 IL 113812, ¶ 18. A plaintiff's right to select the forum is substantial, and unless factors "weigh strongly in favor of transfer or dismissal, the plaintiff's choice of forum should rarely be disturbed." *Id*. However, if, as here, the chosen forum is neither the site of the injury nor the plaintiff's home, her choice receives " 'somewhat less deference.' " *Langenhorst*, 219 Ill. 2d at 442 (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 517 (2002)). The plaintiff's choice of forum still begins "in the lead." See *Foster v. Hillsboro Area Hospital, Inc*., 2016 IL App (5th) 150055, ¶ 31 ("under the unequal balancing test, the battle over forum starts with the plaintiff's choice of forum in the lead."). In most instances, the plaintiff's choice of forum " 'will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 520).

¶ 20 Here, Ceresa chose to file her case in Cook County, and therefore that is the venue that starts in lead. While it receives somewhat less deference than it would if she resided there, or if the allegedly negligent conduct had taken place there, it still begins in the lead. Accordingly,

Ceresa's substantial right to try the case in her chosen forum should not be disturbed unless the public and private interest factors greatly outweigh that right. We now turn to those factors.

¶ 21                          B. Private Interest Factors

¶ 22     The first private interest factor to consider is the convenience of the parties. Defendants are required to prove that another county is more convenient for all parties. See *Langenhorst*, 219 Ill. 2d at 444 (defendant must show plaintiff's chosen forum is inconvenient to defendant and that another forum is more convenient for all parties). Dr. Reed and St. Margaret's Health are both located in LaSalle County. Dr. McCloskey provided care for Ceresa at Forefront Dermatology's Grundy County office. This shows that LaSalle or Grundy County would be more convenient for defendants, but not that Grundy County was more convenient for all defendants. "[A] trial court abuses its discretion in granting an intrastate *forum non conveniens* motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation." *Guerine*, 198 Ill. 2d at 526. Here, defendants did not show that Grundy County enjoyed a predominant connection to the litigation, thus the circuit court's finding that the convenience of the parties did not strongly favor Grundy County was not an abuse of discretion.

¶ 23     The second private interest factor we look at is the relative ease of access to sources of testimonial, documentary, and real evidence. Here, the predominant documents will be medical records. "We will not entertain the fiction that lawyers will travel to physicians' offices to review those records; those records will be distributed electronically." *Seilheimer v. Olsen*, 2025 IL App (1st) 240418, ¶ 42; see also *Fennell*, 2012 IL 113812, ¶ 36 (technology has made document production a "less significant factor"). Additionally, "[w]e would expect that most, if not all the depositions of these treating physicians *** would be conducted remotely via virtual technology,

rendering their physical location utterly irrelevant." *Seilheimer*, 2025 IL App (1st) 240418, ¶ 23 (citing Ill. S. Ct. R. 206(g), (h) (eff. Oct. 1, 2021) for the proposition that video and remote depositions are permitted in Illinois). Even if medical records could not be transmitted electronically, the record reveals that Ceresa's records from Forefront Dermatology would be in Grundy County, her records from Dr. Reed would be in LaSalle County, and the evidence related to the discovery of Ceresa's cancer diagnosis would be Cook County. Accordingly, the circuit court did not abuse its discretion in finding that this private interest factor was neutral and did not strongly favor transfer to Grundy County.

¶ 24    Next, we consider the availability of compulsory process to secure attendance of unwilling witnesses. As the circuit court noted, since the matter is an intrastate application of the *forum non conveniens* doctrine, and the compulsory process under Illinois Supreme Court Rule 237 is available in all Illinois counties, this subfactor is neutral and does not strongly favor transfer. Ill. S. Ct. R. 237 (eff. Oct. 1, 2021).

¶ 25    We also consider the cost to obtain attendance of willing witnesses. "Regarding the costs to secure the attendance of willing witnesses, we generally look at the transportation costs to bring the various witnesses to the potential forums." *Inman v. Howe Freightways, Inc*., 2022 IL App (1st) 210274, ¶ 51. Here, the record does not include a list of potential witnesses the parties intend to call. Based on the residences of the parties, it is likely that most of the witnesses reside in, or around, LaSalle or Grundy County. However, Forefront Dermatology is a resident of Cook County, and Ceresa was a Cook County probation officer for much of her career. Presumably, many of her damage witnesses include coworkers located in, and around, Cook County who would establish her conditions before and after treatment.

¶ 26    Our final private interest consideration is the possibility of viewing the premises, if appropriate. The jury viewing the premises is "rarely or never called for in a medical negligence case." *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 452 (2008). Nevertheless, St. Margaret is now closed due to bankruptcy, leaving Forefront Dermatology as the only potential site to visit. Accordingly, Grundy County would be more convenient than Cook County if a jury had to view the premise where Ceresa was allegedly misdiagnosed.

¶ 27    Taken as a whole, we find that the private interest factors do not strongly favor transfer to Grundy County.

¶ 28                                  C. Public Interest Factors

¶ 29    We now turn to the public interest factors. The first and second public interest factors are the unfairness of imposing jury duty upon residents of a community with no connection to the litigation, and the interest in having local controversies decided locally. "The resolution of an action for medical malpractice is of obvious interest to the citizens of the forum where the alleged negligence took place because they rely on the professionals within that county for their own medical care." *Starr v. Presence Central and Suburban Hospitals Network*, 2024 IL App (1st) 231120, ¶ 55. Here, the alleged negligence took place in LaSalle and Grundy Counties. However, Cook County residents also have some interest in the outcome of this case. Where, as here, a patient had prolonged treatment in Cook County that was needed because of medical malpractice, "there is a connection between the alleged acts of negligence and the people of Cook County." *Id.* ¶ 58. Accordingly, we agree with the circuit court's finding that these public interest factors do not strongly favor transfer to Grundy County.

¶ 30    The final consideration is the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin. Our supreme court has deemed this "the

least significant of the public interest factors." *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 552 (1992). Our supreme court has noted that courts should be "extremely reluctant" to dismiss a case from the forum merely because that forum's docket has a backlog; and "this factor is entitled to almost no weight without evidence to show that the court calendar in another forum would resolve the dispute more expeditiously." *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503 (1986).

¶ 31    According to the Illinois Courts Statistical Summary, Annual Report of the Administrative Office of the Illinois Courts, 22 (2023)[1], law division cases for damages in excess of $50,000 had a clearance rate of 33% in Grundy County. Cook County, on the other hand, had a 59.3% clearance rate of law division claims in excess of $50,000. Accordingly, we find that the circuit court did not abuse its discretion in finding that this factor did not favor transfer to Grundy County.

¶ 32    After considering each of the private and public interest factors, we do not find that the circuit court abused its discretion in denying defendants' motion to transfer venue based on the doctrine of *forum non conveniens*. Even if Grundy County would be a sensible choice for a forum, and even if it might make more sense than Cook County if the choice were ours, under no circumstances could we say that the balance of factors strongly favors transfer to Grundy County so as to upset plaintiff's substantial right to choose a forum.

¶ 33                                    III. CONCLUSION

¶ 34    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 35    Affirmed.

---

[1] We may take judicial notice of the Administrative Office of Illinois Courts annual reports. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 181 (2003).