# Illinois Official Reports

## Appellate Court

---

### *Hansen-Runge v. Illinois Central R.R. Co.*, 2020 IL App (1st) 190383

---

| | |
|---|---|
| Appellate Court Caption | AMBER HANSEN-RUNGE, as Personal Representative of the Estate of Alfred Hansen, Deceased, Plaintiff-Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-19-0383 |
| Filed | October 16, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-L-740; the Hon. Christopher E. Lawler, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Kevin M. Forde and Joanne R. Driscoll, of Forde Law Offices LLP, and Colleen Konicek and Elizabeth O. Bryant, of Fletcher & Sippel LLC, both of Chicago, and Thomas R. Peters and Marl R. Kurz, of Boyle Brasher LLC, of Belleville, for appellant.<br><br>Paul J. Napoli, Timothy P. Hulla, and Wilson D. Sikes, of Napoli Shkolnik PLLC, of Edwardsville, for appellee. |

JUSTICE GRIFFIN delivered the judgment of the court, with opinion. Presiding Justice Mikva and Justice Connors concurred in the judgment and opinion.

## OPINION

¶ 1     This appeal calls for us to review the circuit court's decision on a motion to dismiss based on an interstate application of the doctrine of *forum non conveniens*. Defendant brought the motion, arguing that the now-deceased plaintiff's home county of Black Hawk County, Iowa, was the most appropriate forum for this dispute, as opposed to Cook County, Illinois, where the plaintiff filed the case. The trial court denied the motion. We conclude that a consideration of the relevant public and private interest factors demonstrates that the alternative, out-of-state forum is strongly favored, and accordingly, we reverse.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff Alfred Hansen brought this case against his former employer, defendant Illinois Central Railroad Company (Illinois Central). After the case was filed, Mr. Hansen passed away. Amber Hansen-Runge (plaintiff) was appointed as Mr. Hansen's personal representative and now serves as the plaintiff in this case.

¶ 4     Hansen brought this case, seeking damages for personal injury arising out of his employment. Hansen alleged in his complaint that, while he was employed as an electrician by Illinois Central, he was exposed to harmful chemicals and other toxins that caused him to develop a myelodysplastic syndrome. Plaintiff's complaint contains claims under the federal Employers' Liability Act (45 U.S.C. § 51 *et seq.* (2018)), the Locomotive Inspection Act (49 U.S.C. § 20701 *et seq.* (2018)), and the Safety Appliance Act (49 U.S.C. § 20301 *et seq.* (2018)). Plaintiff's claims are grounded on the theory that Illinois Central created an unsafe workplace by allowing its employees to be exposed to such harmful substances.

¶ 5     In response to the complaint, Illinois Central moved to dismiss the case on grounds of *forum non conveniens*. In support of its motion, Illinois Central argued that Black Hawk County, Iowa, is the appropriate forum for this case, and it urged the court to dismiss this case in favor of that forum.

¶ 6     Both in the trial court and on appeal, the parties identify relatively few facts relevant to conducting a *forum non conveniens* analysis in this case. A few of the important facts are as follows. Illinois Central does significant business in Cook County, Illinois. During the time that Hansen worked for Illinois Central, he lived in Janesville, Iowa, and worked in Waterloo, Iowa. Hansen never lived or worked in Illinois. Hansen was treated for his medical condition in Black Hawk County, Iowa, and his medical providers are located there. The witnesses that plaintiff has identified are predominately located in Iowa, but some are located in other noncontiguous states. None of the identified witnesses are located in Illinois.

¶ 7     The trial court issued a written order disposing of the motion to dismiss. The trial court held that, in "the totality of the circumstances, *** the balance of factors do[es] not *strongly* favor transfer." (Emphasis in original.). Illinois Central filed a petition for leave to appeal, which we granted. The parties subsequently submitted briefs in support of their respective

positions.

## II. ANALYSIS

The issue in this appeal is whether the trial court erred when it denied Illinois Central's motion to dismiss on grounds of *forum non conveniens*. The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction over a case, even though it may have proper jurisdiction over the subject matter and the parties, "if it appears that another forum can better serve the convenience of the parties and the ends of justice." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 12. The doctrine is founded in considerations of fundamental fairness and sensible and effective judicial administration. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005).

In determining whether a case should be dismissed on grounds of *forum non conveniens*, courts must balance certain public and private interest factors. *Id.* at 169-70. The court must evaluate the totality of the circumstances in the case in determining whether the balance of factors "strongly favors dismissal." *Fennell*, 2012 IL 113812, ¶ 17.

Public interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a community with no connection to the litigation, and the interest in having local controversies decided locally. *First American Bank v. Guerine*, 198 Ill. 2d 511, 516-17 (2002). Private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises and, if appropriate, all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id.* at 516.

A court is to neither weigh the private interest factors against the public interest factors nor emphasize any one factor. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006). Rather, the court must consider all relevant factors and evaluate the totality of the circumstances in determining whether the balance of factors strongly favors transfer. *Id.* at 443.

A trial court's decision to grant or deny a motion to dismiss on *forum non conveniens* grounds is reviewed for an abuse of discretion. *Id.* at 453-54. As we have previously observed, orders denying motions to dismiss based upon the doctrine of *forum non conveniens* have generally only been reversed when "the connection between the litigation and the plaintiff's chosen forum is 'so slight as to be virtually nonexistent' [citation], or when a reviewing court determines that there has been an abuse of discretion by the trial court [citation]." *Snook v. Lake Forest Hospital*, 133 Ill. App. 3d 998, 1000-01 (1985). Each *forum non conveniens* case must be decided on its own considerations of convenience and fairness. *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 49.

Before weighing the private and public interest factors that are relevant to a *forum non conveniens* analysis, the court must determine how much weight to attach to the plaintiff's choice of Cook County as the forum. Under a typical *forum non conveniens* analysis, a plaintiff's right to select the forum is substantial and should rarely be disturbed. *Fennell*, 2012 IL 113812, ¶ 18. However, the plaintiff's choice of forum is not entitled to the same weight or deference in all cases. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 173 (2003). When a plaintiff chooses the site of the accident or injury or its home forum, it is reasonable

to assume that the choice of forum is convenient. *Id.* However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur there, the plaintiff's choice of forum is accorded less deference. *Id.* at 173-74.

¶ 15 In this case, Cook County is not plaintiff's home forum. In addition, Hansen never worked in Illinois or in Cook County when he was employed by Illinois Central. All of Hansen's work for Illinois Central was in Black Hawk County, Iowa. Because plaintiff's claims are all based upon injury Hansen allegedly sustained while working for Illinois Central, Black Hawk County, Iowa, must be the site of the injury. As Cook County is neither the site of the injury nor the plaintiff's home forum, plaintiff's choice of forum is entitled to less deference than it otherwise would enjoy.

¶ 16 Moving to the merits of the *forum non conveniens* issue, the record makes clear that the singular connection that this case has to Illinois or to Cook County is that Illinois Central has significant business operations here. Hansen did not allege that he ever even visited Illinois or Cook County in connection with his employment. Hansen similarly did not allege that his medical treatment or any other aspect of his injury led him to Illinois. Nonetheless, it is clear that jurisdiction is proper here and that Cook County is a potential forum. The question on appeal is only whether a consideration of the public and private interest factors establishes that the interests of this case being tried in Black Hawk County, Iowa, greatly outweigh the interests of the case being tried in plaintiff's chosen forum of Cook County.

¶ 17 While the factual connection between the parties and the chosen forum or between the injury and the chosen forum is not determinative, it is important. The proper focus of an interstate *forum non conveniens* analysis is "whether the case is being litigated in the most appropriate state." *Fennell*, 2012 IL 113812, ¶ 13. "[C]auses which are without significant factual connections to particular forums [should] be dismissed in favor of, or transferred to, convenient forums." *Id.* ¶ 44.

¶ 18 Plaintiff's principal contention on appeal is that because Illinois Central is headquartered in Cook County, there is no basis to dismiss the case on grounds of *forum non conveniens*. Plaintiff posits that certain decisions Illinois Central might have made that affected Hansen's employment or led to his injury would have been made in Cook County, so this case has a connection to her chosen forum.

¶ 19 Plaintiff did not argue in the trial court that Cook County was Illinois Central's "headquarters." Similarly, plaintiff did not argue that certain decisions that Illinois Central made in Cook County might have led to Hansen's injuries. Plaintiff does not point to any *evidence* or even a well-pled allegation to support her theory. The trial court did not consider or rely on the fact that Cook County is Illinois Central's headquarters. The trial court similarly did not consider whether any relevant decision making occurred in Cook County. These theories of connectedness to Cook County were crafted and asserted for the first time in response to this appeal.

¶ 20 Although plaintiff points out that this case is at an early stage and she has not yet taken discovery on some matters that might connect the case to Illinois, there is no record of plaintiff seeking leave to take such discovery in the trial court. The Illinois Supreme Court Rules allow a party to seek discovery to defeat a *forum non conveniens* motion. Ill. S. Ct. R. 187(b) (eff. Jan. 1, 2018). Plaintiff's contention that decision-making in Cook County might have led to Hansen's injuries is pure speculation raised for the first time on appeal. Plaintiff could have sought leave to take discovery in an effort to, in some way, support that contention, but she did

not. We will not consider that speculative point in reaching a conclusion. See *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 92 (2010) (contentions raised for the first time on appeal are forfeited).

¶ 21    We turn now to the public interest factors that are to be considered in a *forum non conveniens* analysis. Again, those factors are the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a community with no connection to the litigation, and the interest in having local controversies decided locally. *Guerine*, 198 Ill. 2d at 516-17.

¶ 22    The parties did not develop much of a record on the issue of congestion in either venue, and we presume that either forum could adequately handle the case in a timely manner. However, the other relevant public interest considerations strongly favor the case being tried in Iowa.

¶ 23    In this case, there are no legitimate connections between Cook County and the subject matter of the case. It is a workplace injury case, and the workplace is in Black Hawk County, Iowa. The injured party was always an Iowa resident that was injured solely in Iowa. All of the allegedly tortious conduct took place in Iowa. This is an Iowa controversy that should be decided in Iowa. See *Fennell*, 2012 IL 113812, ¶ 13 (the proper question in an interstate *forum non conveniens* analysis is "whether the case is being litigated in the most appropriate state").

¶ 24    Residents of Cook County have no real connection to Hansen himself or to his injuries. We do not see any justification for a Cook County court to be involved in this dispute. As our supreme court has recognized, " '[t]he county in which the trial is held is financially burdened by the payment of jurors' fees and by providing court personnel and court facilities. The court system of this State is also burdened by the necessity to provide judicial personnel and the machinery for appellate review.' " *Id.* ¶ 45 (quoting *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 371 (1983)). Residents of Cook County, or Illinois for that matter, have no interest in resolving an Iowa workplace injury case. It would be unfair to impose jury duty and the allocation of other resources for this case on Cook County, which has no legitimate connection to the litigation. See *Dawdy*, 207 Ill. 2d at 183 ("the residents of [the chosen forum] should not be burdened with jury duty given the fact that the action did not arise in, and has no relation to, their county"); see also *Schuster*, 2018 IL App (1st) 171558, ¶ 40.

¶ 25    As we alluded to before, there is no evidence in the record that Illinois Central's presence in Illinois has any causal connection with Hansen's injuries. On appeal, plaintiff has tried to make out that connection through conjecture by claiming that there were perhaps decisions made in Cook County that affected Hansen's employment. Plaintiff's unsupported argument, raised for the first time on appeal, is insufficient to counter the significant weight of the factors favoring the alternate forum.

¶ 26    As far as the public interest factors are concerned, this case strongly resembles *Fennell*, the case in which our supreme court held that a motion to dismiss should have been granted on the grounds of *forum non conveniens*. Both in *Fennell* and in this case, employees of a railroad company asserted personal injury claims for exposure to toxic products while being employed by the railroad. *Fennell*, 2012 IL 113812, ¶ 3. The plaintiffs did not live in Illinois, and the plaintiffs never worked in Illinois. *Id.* ¶ 6. When analyzing the public interest factors, the court explained that the lack of any significant factual connection between the subject matter of the case and the chosen forum did not "justify imposition of the burdens of the litigation upon the

citizens and court system of St. Clair County and Illinois." *Id.* ¶ 46. Furthermore, like it observed in *Fennell*, our supreme court "has consistently held that a case should not be tried in a forum that has no significant factual connections to the cause of action." (Internal quotation marks omitted.) *Id.* The residents of Iowa are the only residents that have a significant connection to this controversy.

¶ 27    Similarly, in *Dawdy*, 207 Ill. 2d 167, our supreme court's analysis of the public interest factors highlighted the fact that the controversy had no legitimate connection to the chosen forum. *Id.* at 183. The court observed that the chosen forum had "little or no interest in trying the action of a nonresident whose claim arose in [a foreign venue]." *Id.* The court noted that the county in which the injury occurred had a strong interest in the action, and that the location of the injury gave the case a local interest for that county. *Id.* The same holds true here.

¶ 28    Turning to the private interest factors that are relevant in a *forum non conveniens* analysis, those factors are the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, and, if appropriate, all other practical considerations that make a trial easy, expeditious, and inexpensive. *Guerine*, 198 Ill. 2d at 516.

¶ 29    Hansen and plaintiff, his personal representative, are Iowa residents. Hansen has not identified any witnesses that live in Illinois. All of Hansen's medical providers and coworker occurrence witnesses are located outside of Illinois and not subject to compulsory process here. As plaintiff points out, not all of the identified witnesses reside in Black Hawk County, Iowa, but the overwhelming majority of them do. And none of them reside in Cook County or in Illinois. The cost of obtaining those witnesses' testimony is far less in Black Hawk County than it would be in Cook County. As to the potential witnesses that are traveling from outside of either Iowa or Illinois, they would have to undertake significant travel either way. Looking at the potential witness list as a whole, however, the cost and time burden is significantly less in Black Hawk County, Iowa, than it is in Cook County, where *every* witness would have to travel extensively.

¶ 30    While we cannot know whether a visit to the site of Hansen's injury would be relevant at trial, that factor also favors the case being held in the county where the injury occurred, rather than in a foreign state. Our supreme court has explained that we should consider that factor, along with all the other factors, where there is a possibility that the injury site might be helpful to the resolution of the case. See *Dawdy*, 207 Ill. 2d at 178-79. Plaintiff's theory of liability is that Illinois Central created an unsafe workplace by allowing its employees to be exposed to harmful substances. Plaintiff has alleged, for example, that Illinois Central failed to adequately test or inspect the workplace to make sure that dangerous levels of these toxins were not present. It is not farfetched to presume that a view of the workplace could be relevant. Plaintiff's workplace is at the center of the dispute, and litigating the case in the same forum as the site of the injury is far more reasonable than litigating it in a faraway county with no legitimate connection to the case. See *id.* at 184.

¶ 31    Even though we conclude that the weight of the public and private interest factors strongly favors this case being held in Black Hawk County, Iowa, we wish to address plaintiff's principal argument—that the forum is convenient because Illinois Central is headquartered in Cook County. In addressing the contention, it is important that we point out that plaintiff did not raise Illinois Central's status in Cook County as its "headquarters" in the trial court.

Plaintiff simply argued that Illinois Central does significant business in Cook County, so the court should not find that the forum is inconvenient. Nonetheless, we have previously observed that when a defendant has its headquarters in the plaintiff's chosen forum, a transfer is generally not warranted because, under usual circumstances, a party cannot convincingly claim that his home forum is inconvenient. *Johnson v. Nash*, 2019 IL App (1st) 180840, ¶ 44.

¶ 32 The Illinois Supreme Court has, however, made clear that, while the location of a defendant's headquarters is a factor to consider in a *forum non conveniens* analysis, it is not by any means a dispositive factor. *Gridley*, 217 Ill. 2d at 172-73; see also *Skidmore v. Gateway Western Ry. Co.*, 366 Ill. App. 3d 238, 241-42 (2006). In this case, Illinois Central's corporate presence in Cook County is the *only* factor tying this case to the county or to the entire state. Aside from Illinois Central's corporate presence in Cook County, every consideration in this case strongly favors the case being held in an Iowa tribunal.

¶ 33 After conducting a thorough weighing of the public and private interest factors and giving due, but reduced, deference to Plaintiffs' choice of forum, it is clear that the relevant considerations strongly favor dismissal of this case on grounds of *forum non conveniens*. The lack of any connection that the parties and the subject matter of the case have to Cook County, along with the strong weight of both the public and private interest factors, demonstrates that a dismissal of this case in favor of Black Hawk County, Iowa, better serves the considerations of fundamental fairness, sensible and effective judicial administration, and the ends of justice.

¶ 34 III. CONCLUSION

¶ 35 For the foregoing reasons, we reverse the circuit court's denial of Illinois Central's motion to dismiss on grounds of *forum non conveniens*. The case is remanded with directions that it be dismissed pursuant to Illinois Supreme Court Rule 187(c)(2) (eff. Jan. 1, 2018).

¶ 36 Reversed and remanded with directions.