2021 IL App (1st) 201296-U

No. 1-20-1296

Order filed November 3, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BALDOMERO ZAMORA, JR. and BRITTNEY ZAMORA CARTALINO, Individually and as Administrator of the Estate of Baldomero Zamora, Sr., Deceased, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) ) | No. 17 L 5242 |
| TROY LEWIS; TRINA LEWIS; AIRBNB, INC.; AIRBNB PAYMENTS, INC.; UNITED TECHNOLOGIES CORPORATION; KIDDE, INC.; JOHN DOES 1-20; and JULIE GILBERT, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| (Airbnb, Inc. and Airbnb Payments, Inc., Defendants-Appellants). | ) ) ) | Honorable Daniel T. Gillespie, Judge presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1 *Held*: We reverse the circuit court's order denying Airbnb, Inc. and Airbnb Payments, Inc.'s motion to dismiss based on *forum non conveniens*, where the relevant private and public interest factors taken as a whole strongly favored the dismissal of the litigation in Cook County in favor of the litigation proceeding in Maine.

¶ 2 Baldomero Zamora, Jr. (Zamora Jr.) and Brittney Zamora Cartalino, individually and as the administrator of the Estate of Baldomero Zamora, Sr., deceased, (Zamora Sr.), sued various parties, including Zamora Sr.'s girlfriend, Julie Gilbert, and two Airbnb entities, after a fire at a house in Maine, which Gilbert rented through Airbnb, resulted in Zamora Sr.'s death. After the circuit court dismissed various defendants based on a lack of personal jurisdiction, the only identified defendants left in the case were the Airbnb entities and Gilbert. The Airbnb entities filed a motion to dismiss based on *forum non conveniens*, contending that the case should be dismissed in Cook County in favor of proceeding in Maine. The circuit court denied the *forum non conveniens* motion, and the Airbnb entities appealed. For the reasons that follow, we reverse the court's order denying the Airbnb entities' motion to dismiss and remand the matter with directions to dismiss this action in accordance with Illinois Supreme Court Rule 187(c)(2) (eff. Jan. 1, 2018)

¶ 3                                                    I. BACKGROUND

¶ 4 Airbnb, whose principal place of business is in California, is an online marketplace that connects people who want to rent out their houses, apartments, or individual rooms therein to people in need of such lodging. Trina Lewis, a Maine resident married to Troy Lewis, listed their house in Boothbay, Maine, on Airbnb. In September 2016, Gilbert reserved the Lewises' house for a stay the following month to celebrate the 50th birthday of her boyfriend, Zamora Sr. At the time, both of them were residents of Cook County. During the evening of October 8, 2016, Gilbert, Zamora Sr., and multiple other adults and children celebrated his birthday. After the celebration ended, several people left the house while others, including multiple children remained. During

the morning the following day, a child playing with matches that Gilbert allegedly had left out accidentally set a couch on fire, which spread to other parts of the house and ultimately resulted in the death of Zamora Sr. and Gilbert's son, Lucas Farias.

¶ 5     Zamora Jr. and Cartalino are the children of Zamora Sr, and they reside in Will County and Porter County, Indiana, respectively. In May 2017, Zamora Jr. and Cartalino, individually and as the administrator of Zamora Sr.'s estate (plaintiffs), sued the Lewises, Airbnb, Inc., Kidde, Inc.— the designer and manufacturer of four of the five smoke detectors at the Lewises' house—John Does 1-20—the unknown manufacturers, distributors and retailers of the remaining smoke detector at the Lewises' house—and Gilbert under multiple causes of action. The claims focused on the ionization-triggered smoke detectors that the Lewises had installed in their house, which allegedly failed to timely activate and caused Zamora's death.

¶ 6     Two months later, plaintiffs filed a 17-count first amended complaint, in which they named as defendants the Lewises, Airbnb, Inc., Airbnb Payments, Inc. (collectively, Airbnb), Kidde, Inc. (Kidde), United Technologies Corporation (United)—the parent company of Kidde—John Does 1-20 and Gilbert. In the first amended complaint, plaintiffs alleged that the Lewises had five ionization-triggered smoke detectors in their house, one on the first floor and four on the second floor, with the latter four allegedly having been manufactured and sold by United and Kidde. At the time plaintiffs filed their first amended complaint, they did not know the identity of the company or companies involved in the chain of distribution of the smoke detector on the first floor. Plaintiffs asserted that the ionization-triggered smoke detectors were inadequate to detect and alert to the common residential house fire and that the ones installed in the Lewises' house failed to timely activate during the fire and proximately caused Zamora Sr.'s death.

¶ 7 Plaintiffs pled four counts against the Lewises, three premised upon the Lewises' negligence (Counts I through III) and one for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Illinois Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2016)) (Count IV). Plaintiffs pled four counts against Airbnb, including one for premises liability negligence, one for wrongful death and one survival action. (Counts V through VII). In these counts, plaintiffs alleged that Airbnb offered for rent a house that posed an unreasonable risk of harm to Zamora Sr. based upon the highly flammable wood surfaces, the highly flammable upholstered furniture, the configuration of the house that included a narrow staircase leading from the first floor to the bedrooms on the second floor, the lack of an adequate means of escape from the second floor, and the house being equipped with defectively designed ionization-triggered smoke detectors that were inadequate to detect and alert to the common residential house fire. Plaintiffs also pled a count against Airbnb for a violation of the Illinois Consumer Fraud Act (*id.*) (Count VIII), wherein they alleged that the company made false and misleading representations regarding the Lewises' house in its promotional, advertising and marketing materials about the habitability and safety of the house. Additionally, plaintiffs pled four counts against United and Kidde (Counts IX through XII), three counts against the John Does 1-20 (Counts XIII through XV), and one count against Gilbert (Count XVI). The final count was directed against all defendants and sought recoupment for plaintiffs' expenses in connection with Zamora Sr.'s funeral and burial (Count XVII).

¶ 8 Thereafter, in August 2017, the Lewises, United and Kidde filed motions to dismiss based on an alleged lack of personal jurisdiction. That same month, Airbnb filed a motion to dismiss based on *forum non conveniens*, arguing that the case was Maine centric and belonged in Maine. As relevant to this appeal, Airbnb posited that the physical evidence in the case was located in

Maine as well as nearly all of the witnesses except Gilbert and plaintiffs. For support, Airbnb attached an affidavit from Raymond Weed, a property general adjuster for the Massachusetts-based Crawford and Company, who investigated the loss on behalf of Airbnb. Although Weed's company was based in Massachusetts, Weed lived and worked from his home in Vermont. After the fire, Weed investigated the damages, cause of the loss and secured all pertinent documentation for the loss. During his investigation, Weed learned that Mary Ann McMaster, the Maine State Fire Marshall, examined the Lewises' home for the source of the fire. Weed also spoke with the Maine State Fire Marshall's Office and learned that the fire started on the first floor of the home when a child was playing with matches. Also during his investigation, he learned that several individuals staying in the house between October 8 and 9 of 2016, lived in Maine, including the child who apparently started the fire by playing with the matches. Additionally for support, Airbnb cited to local news articles and argued that various investigators and first responders would likely be called as witnesses, all of whom were located in Maine.

¶ 9    In addition, Airbnb contended that there were practical problems with a trial in Cook County, namely that it would not be easy, expeditious or inexpensive compared to one in Maine. Specifically, Airbnb highlighted that the travel logistics would be challenging for the witnesses located in Maine, and any Maine-based witnesses and records were outside the subpoena power of Illinois courts. Airbnb further argued that, based on the circumstances, Maine law would apply to the case, which was a significant factor in favor of dismissing the case, and the Maine court system was far less congested than Cook County's. Airbnb concluded that Maine had a stronger connection to the subject matter of the lawsuit than Illinois, and the case should be tried there rather than Illinois.

¶ 10     Plaintiffs subsequently filed a response and contended that the case was about the death of Zamora Sr., a native of Cook County as well as the agony and suffering endured by his son and daughter. Plaintiffs asserted that their allegations were based, in part, on the false communications made by the various defendants in Illinois and the defective design of the fire alarms, and none of the evidence related to the core issues of the case were located in Maine. Both plaintiffs claimed that they would suffer great hardship and potentially irreparable financial harm if they were forced to travel to Maine for this case, which they both supported with an affidavit describing the impact of traveling to Maine on their jobs and family situation. Plaintiffs noted that, in regard to accessing critical evidence of the case, the Lewises' house had been razed and all the evidence therein was destroyed. Additionally, plaintiffs observed that, while Airbnb claimed that physical evidence was located in Maine, Airbnb had failed to specify what physical evidence existed and would be necessary for trial. Furthermore, plaintiffs highlighted that their claims centered around Kidde's false and deceptive communications in Home Depot stores in Illinois, and a court in Maine would not have subpoena power over documents located in an Illinois Home Depot. Plaintiffs also asserted that all relevant witnesses and documents of Airbnb were located in California and many relevant nonparty witnesses, such as Zamora Sr.'s coworkers, were located in Illinois. Given that potential witnesses were dispersed throughout the country, plaintiffs asserted that Cook County was just as convenient as Maine.

¶ 11     In addition, plaintiffs argued that, based on the circumstances, Illinois law would apply to the case because the various conduct of Airbnb at issue in the case occurred in Illinois. Moreover, plaintiffs posited that there was no proof that a Maine court would resolve the case more quickly than the Cook County circuit court. Given that Illinois courts had an interest in resolving a case

involving the death of a Cook County resident and Illinois' well-established policy of favoring a plaintiff's chosen forum, plaintiffs concluded that the case should not be dismissed.

¶ 12     After the parties completed the briefing on the motions to dismiss filed by the Lewises, United and Kidde, the circuit court found that it did not have personal jurisdiction over them, and it granted their motions to dismiss. Plaintiffs appealed the court's rulings, which led to the court staying further proceedings in the case. In a November 2019 opinion, this court affirmed the circuit court's rulings. See *Zamora v. Lewis*, 2019 IL App (1st) 181642. And in March 2020, our supreme court denied plaintiffs' petition for leave to appeal.

¶ 13     Meanwhile, after the circuit court had granted the Lewises, United and Kidde's motions to dismiss but before plaintiffs' appeal of those rulings had been resolved, plaintiffs filed a nearly identical complaint against the Lewises, Gilbert, Airbnb, United and Kidde in the superior court of York County, Maine. In that complaint, plaintiffs alleged that Gilbert was now a resident of York County, Maine. Additionally, Gilbert and Frank Farias, as the personal representative of the Estate of Lucas Farias, filed a complaint against the Lewises, Airbnb, United and Kidde in the superior court of York County, Maine, alleging similar theories of liability as plaintiffs alleged in their two complaints. In Gilbert and Frank Farias' complaint, Gilbert asserted that she was a resident of York County, Maine.[1] In June 2019, upon a motion filed by plaintiffs, Gilbert and Frank Farias, the superior court of York County, Maine, stayed their proceedings. Additionally, Gilbert and Frank Farias, as the independent administrator of the Estate of Lucas Farias, filed an identical complaint in the circuit court of Cook County as the one they filed in Maine. The circuit court ultimately dismissed all of the defendants except Airbnb based on a lack of personal

---

[1] Airbnb attached the complaints filed by plaintiffs as well as Gilbert and Frank Farias in the superior court of York County, Maine, to their motion to reconsider, which will be detailed later.

jurisdiction, and although Gilbert and Frank Farias appealed that dismissal, this court later granted their motion to voluntarily dismiss the appeal.

¶ 14     As a result of the various litigation, plaintiffs have a case pending in the superior court of York County, Maine, against the Lewises, Gilbert, Airbnb, United and Kidde, and they have a case pending in the circuit court against Airbnb, Gilbert and John Does 1-20. There is nothing in the record on appeal showing that Gilbert has filed a responsive pleading as defendant in the instant case in Cook County. Additionally, Gilbert and Frank Farias have a case pending in the superior court of York County, Maine, against the Lewises, Airbnb, United and Kidde. It is unclear, however, the status of Gilbert and Frank Farias' case against Airbnb in the circuit court.

¶ 15     Turning back to the instant case in the circuit court involving plaintiffs, in April 2020, they moved to lift the stay in their case and have the circuit court resolve Airbnb's *forum non conveniens* motion. Airbnb subsequently sought leave to file a supplemental memorandum in support of its *forum non conveniens* motion in light of the new circumstances since it filed its original motion. The circuit court lifted the stay in the case and granted Airbnb leave to file its supplemental memorandum. In Airbnb's supplemental memorandum, it highlighted the parallel proceedings in Maine initiated by plaintiffs against all of the original defendants from the lawsuit in the circuit court, including itself. To this end, Airbnb argued that it was illogical and a waste of judicial resources if it were required to litigate the case in Illinois and the case in Maine. In response, plaintiffs noted that, while they sued Airbnb in Maine, they did so to avoid the statute of limitations expiring and if their lawsuit were allowed to proceed in Cook County against Airbnb, they would dismiss their action in Maine against the company. Plaintiffs contended that Airbnb had not met its burden to demonstrate that their chosen forum of Cook County should be disturbed.

¶ 16    In November 2020, the circuit court entered a written order on Airbnb's *forum non conveniens* motion. Initially, the court observed that, because Zamora Jr. resided in Illinois, it had to give some deference to plaintiffs' chosen forum in Cook County. Next, the court highlighted the various private interest factors utilized during a *forum non conveniens* analysis and discussed each in turn.

¶ 17    Concerning the first factor—the convenience of the parties— the circuit court observed the averments plaintiffs made in their affidavits about the difficulty of appearing for a trial in Maine. Additionally, the court noted that Gilbert was still a defendant in the action and she was a resident of Cook County. Although in discussing this factor, the court initially stated that it "favor[ed] trial in Cook County," it later concluded that "[t]his factor [was] neutral in light of the foregoing." Concerning the second factor—the relative ease of access to sources of testimonial, documentary and real evidence—the court observed that plaintiffs resided in Will County and Porter County, Indiana, and Gilbert resided in Cook County. Although the court noted that multiple nonparty fact witnesses who may testify at trial resided in Maine, such as first responders, it remarked that most of Airbnb's witnesses resided in California. Moreover, the court determined that any critical documents could easily be transported anywhere and the real evidence at issue, the smoke detectors, were portable and could also be transported anywhere. Because the ease of access to documentary and real evidence did not favor either forum but the ease of access to testimonial evidence favored Cook County, the court concluded that this factor favored trial in Cook County.

¶ 18    The circuit court next discussed the third factor—the availability of compulsory process to secure attendance of unwilling witnesses—and observed that the potential trial witnesses resided in numerous states. As such, the court found that neither an Illinois court nor a Maine court would have complete subpoena power over all of the potential trial witnesses, resulting in this factor

being neutral. The court moved onto the fourth factor—the cost to obtain attendance of willing witnesses—and reiterated that the potential trial witnesses resided all over the country. As such, the court found that it would be cheaper for such a dispersed group of witnesses to travel to Cook County than Maine, and thus, this factor favored Cook County. In regard to the fifth factor—the possibility of viewing the premises—the court noted that the Lewises' house had been demolished, so it would be impossible to physically view the premises. Lastly, concerning the final factor—all other practical considerations that make a trial easy, expeditious, and inexpensive—the court noted that the attorneys for the parties have offices in Cook County, which resulted in Cook County being the more convenient location. In light of the foregoing, the court concluded overall that the private interest factors did not strongly favor transfer to Maine.

¶ 19 The circuit court next highlighted the various public interest factors utilized during a *forum non conveniens* analysis and discussed each in turn. Regarding the first factor—the interest in deciding localized controversies locally—the court observed that, while the fire occurred in Maine, the lawsuit focused on the death of a Cook County resident that was allegedly caused, in part, by the tortious conduct of Gilbert, another Cook County resident, and Airbnb, who conducted substantial business in Cook County. Thus, the court found that this factor favored a trial in Cook County. Concerning the second factor—the unfairness of imposing the expense of trial and the burden of jury duty on residents of a county with little connection to the litigation—the court stated that, because Cook County had an interest in the litigation, Cook County residents had a strong interest in deciding the case. And therefore, jury duty would not impose a burden on them. In regard to the final factor—the administrative difficulties presented by adding further litigation to the court docket in an already congested forum—the court remarked that far fewer cases were filed in Maine, as compared to Cook County, but found no evidence that Maine courts resolved cases

quicker than Cook County. Thus, the court found this factor was neutral. In light of the foregoing, the court concluded overall that the public interest factors did not strongly favor transfer to Maine.

¶ 20   Because plaintiffs' chosen forum had to receive deference and both the private and public interest factors did not strongly favor transfer to Maine, the circuit court denied Airbnb's *forum non conveniens* motion.

¶ 21   Thereafter, Airbnb filed a motion to reconsider, highlighting what it alleged the circuit court overlooked and detailing how the court misapplied the existing law. In relevant part, Airbnb noted that, while the court focused on plaintiffs' chosen forum of Cook County, the court ignored that they had filed an identical lawsuit in Maine and that Gilbert had filed a lawsuit against the same defendants in Maine. Airbnb also noted that Gilbert was no longer a resident of Cook County but rather was a resident of Maine. Lastly, Airbnb posited that the court failed to consider that a Maine court, not the circuit court, would have complete subpoena power over all of the potential nonparty witnesses. In support of its motion to reconsider, Airbnb attached the complaint that plaintiffs filed in Maine as well as the complaint that Gilbert and Frank Farias filed in Maine.

¶ 22   Following briefing, the circuit court denied Airbnb's motion to reconsider, finding that it had not brought to the court's attention any newly discovered evidence that was unknown at the time the court ruled on the *forum non conveniens* motion and concluding that it did not err in its application of the law.[2] The court acknowledged that Gilbert was now a resident of Maine but asserted that Airbnb knew this fact when it filed its supplemental memorandum in support of its *forum non conveniens* motion. As such, the court determined that it could not consider Gilbert's

---

[2] Judge Daniel T. Gillespie denied Airbnb's *forum non conveniens* motion while Judge Gerald Cleary denied Airbnb's motion to reconsider.

change of residency. However, the court asserted that, even if it could consider her change of residency, this detail would not have altered its original ruling.

¶ 23    Thereafter, Airbnb sought leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), and we granted its petition.

¶ 24                                    II. ANALYSIS

¶ 25    The only issue on appeal is whether the circuit court erred in denying Airbnb's motion to dismiss based on *forum non conveniens.* When two potential forums exist for litigation, "the equitable doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum." *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 171 (2003). The doctrine grants the court the ability to decline jurisdiction of a case, even if it has proper jurisdiction over the parties and subject matter, when "it appears that another forum can better serve the convenience of the parties and the ends of justice." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 12. The doctrine is premised upon "considerations of fundamental fairness and sensible and effective judicial administration." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). Although the doctrine may be applied on an intrastate basis—meaning between two counties in Illinois—this case involves the doctrine being applied on an interstate basis, where the focus is "whether the case is being litigated in the most appropriate state." *Fennell*, 2012 IL 113812, ¶ 13.

¶ 26    The general principles of the *forum non conveniens* doctrine are well recognized, but each case is unique and must be evaluated on its own facts. *Id.* ¶ 21. In determining whether to transfer a case under the doctrine, the circuit court must balance multiple private and public interest factors. *Id.* ¶¶ 15-17. The private interest factors include: (1) the convenience of the parties; (2) the relative ease of access to testimonial, documentary and real evidence; (3) the availability of compulsory

process to secure the attendance of unwilling witnesses; (4) the costs to secure the attendance of willing witnesses; (5) the possibility of viewing the site where the accident occurred, if appropriate; and (6) "all other practical considerations that make a trial easy, expeditious, and inexpensive." *Id.* ¶ 15. The public interest factors include: (1) the interest in deciding controversies locally; (2) the unfairness of imposing the burden of jury duty on residents of a forum with little connection to the litigation; and (3) the administrative difficulties caused by adding litigation to already congested court dockets rather than resolving the case at its origin. *Id.* ¶ 16. The court must not place too much emphasis on any one factor, but rather must balance all private and public interest factors together and determine whether, under the totality of the circumstances, "the balance of factors strongly favors" transfer of the litigation. *Id.* ¶ 17.

¶ 27 Before weighing the various private and public interest factors, the circuit court must determine how much weight to give the plaintiff's chosen forum. See *id.* ¶ 18. "A plaintiff's right to select the forum is substantial and unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." *Gridley*, 217 Ill. 2d at 170. In other words, "the battle over forum begins with the plaintiff's choice already in the lead." *First American Bank v. Guerine*, 198 Ill. 2d 511, 521 (2002). Generally, when the plaintiff's injury did not occur in the chosen forum, or he or she is not a resident of that forum, his or her choice is afforded less deference. *Fennell*, 2012 IL 113812, ¶ 26. But, in a wrongful death case, "it is the decedent's residence at the time of death that is of significance" in a *forum non conveniens* analysis. *Bradbury v. St. Mary's Hospital of Kankakee*, 273 Ill. App. 3d 555, 560 (1995); see also *Schwalbach v. Millikin Kappa Sigma Corp.*, 363 Ill. App. 3d 926, 933 (2005) (where plaintiffs sue in a representative capacity of behalf of a decedent, the decedent's county of residence "is entitled to substantial deference"). "A plaintiff's 'home forum' for purposes of an interstate *forum non*

*conveniens* motion is the plaintiff's home State." *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553 (1992). The defendant bears the burden to demonstrate "that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties." *Fennell*, 2012 IL 113812, ¶ 20.

¶ 28    The resolution of a *forum non conveniens* motion lies within the sound discretion of the circuit court and may only be reversed if the court abused its discretion in balancing the applicable factors. *Id.* ¶ 21. An abuse of discretion occurs only "where no reasonable person would take the view adopted by the circuit court." *Id.* In analyzing whether an abuse of discretion has occurred, the question is not whether we would reach the same conclusion as the circuit court (*State Farm Fire & Casualty Co. v. John*, 2017 IL App (2d) 170193, ¶ 18), but, rather, whether the court's ruling "exceeded the bounds of reason" or was "against logic." *Vanderhoof v. Berk*, 2015 IL App (1st) 132927, ¶ 84.

¶ 29    In the present case, there is no dispute that, at the time Zamora Sr. died, he was a resident of Cook County. As such, we give substantial deference to plaintiffs' chosen forum of Cook County. See *Schwalbach*, 363 Ill. App. 3d at 933; *Bradbury*, 273 Ill. App. 3d at 560. With the level of deference to plaintiffs' chosen forum decided and the principles of a *forum non conveniens* motion in mind, Airbnb contends that the circuit court failed to analyze the various *forum non conveniens* factors with accurate facts, including the fact that Gilbert was not a resident of Cook County, but rather of Maine. Moreover, Airbnb posits that the court overlooked the fact that, while plaintiffs did initially choose Cook County as their forum, they later filed an identical lawsuit in Maine. Conversely, plaintiffs argue that, because their chosen forum is entitled substantial deference and the court properly analyzed the private and public interest factors, Airbnb has not

met its burden to prove that, under the totality of the circumstances, the balance of the various factors strongly favors the dismissal of their litigation in Cook County in favor of Maine.

¶ 30                                    A. Private Interest Factors

¶ 31    We begin by discussing the private interest factors, specifically the convenience of the parties. Zamora Jr. resides in Illinois, specifically Will County, while Cartalino resides in Indiana. Airbnb has its principal place of business in California, and while Gilbert was a resident of Illinois, specifically Cook County, at the time plaintiffs filed their complaint, she subsequently moved to Maine.

¶ 32    Plaintiffs, however, argue that Airbnb waived any contention on appeal about Gilbert being a resident of Maine by not including any argument about her relocation until it filed its motion to reconsider. Generally, "legal theories and factual arguments not previously made are subject to waiver" in a motion to reconsider. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25. Airbnb did note in its supplemental memorandum in support of its *forum non conveniens* motion that plaintiffs had filed an identical case in Maine against all parties originally sued in Illinois and that Gilbert had filed a similar action in Maine. Although Airbnb did not include the actual complaints as attachments to its supplemental memorandum, as it did with its motion to reconsider, the fact that plaintiffs and Gilbert had new pending actions in Maine was before the circuit court. Moreover, we may take judicial notice that Gilbert is now a resident of Maine, as borne out by those complaints, which are proper sources of judicial notice (*Taylor v. Huntley*, 2020 IL App (3d) 180195, ¶ 12). See *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (observing that the appellate court may take judicial notice of "readily verifiable facts" even if notice was not sought in the circuit court where doing so would assist in the efficient resolution of the case). For instance, in *Dawdy*, 207 Ill. 2d at 177, our supreme court took judicial notice of the

distance between counties in its *forum non conveniens* analysis despite the plaintiff arguing that it was improper because these distances were not part of the record. Our supreme court, however, noted that " 'an appellate court may take judicial notice of matters not previously presented to the trial court when the matters are capable of instant and unquestionable demonstration.' " *Id.* (quoting *Boston v. Rockford Memorial Hospital*, 140 Ill. App. 3d 969, 972 (1986)). Just like in *Dawdy*, we may do the same with Gilbert's current residence in Maine.

¶ 33    If we were to view the locations of the parties in isolation, Illinois would be the more convenient location given that Zamora Jr. lives here, Cartalino lives in Indiana, an adjacent state, but notably in a county near the northwestern border of Illinois, and Airbnb and Gilbert are located in California and Maine, respectively. See *Kwasniewski*, 153 Ill. 2d at 554 (finding that we may take judicial notice of the location of counties). Undoubtedly, Illinois is more convenient for plaintiffs. Similarly, Illinois is more convenient for Airbnb given that Illinois is closer to California than Maine. Although Maine is more convenient for Gilbert given that she lives there, it would make more sense to have all the parties converge in the Midwest rather than in the most northeastern state in the country. But again, this conclusion holds only if we look at this case in isolation.

¶ 34    However, we cannot ignore that plaintiffs have filed an identical action against the Lewises, Airbnb, United, Kidde and Gilbert in Maine. Though plaintiffs have indicated that they would dismiss their action in Maine against Airbnb if they were allowed to proceed in Cook County, their case will undoubtedly continue in Maine against the Lewises, United and Kidde given that Illinois courts do not have personal jurisdiction over them as well as continue against Gilbert. As such, it is not as inconvenient for plaintiffs to litigate their case against Airbnb in Maine, as the circuit court found. When the court made this finding, it relied heavily, if not exclusively, on the affidavits

of plaintiffs where they both averred that they would suffer great hardship and potentially irreparable financial harm if they were forced to travel to Maine for this case. But these affidavits were filed before the circuit court dismissed their case against the Lewises, United and Kidde for a lack of personal jurisdiction and before plaintiffs filed their case in Maine. Although the court concluded that a trial in Maine for be "very difficult" for plaintiffs, that finding overlooks the fact that plaintiffs have already committed themselves to trying a case in Maine based upon the same facts and theories of liability as their case in Cook County. While a "defendant cannot assert that plaintiff[s'] chosen forum is inconvenient for [them]," (*Fennell*, 2012 IL 113812, ¶ 27), we certainly can find that a different forum is *not inconvenient* for them. Moreover, for Airbnb, while Illinois is closer to California than Maine, even if this case remained in Cook County, Airbnb would still have to participate in the Maine case in various aspects, either by providing witnesses or as otherwise protecting its interests. Thus, as Airbnb highlights, it will be involved in the Maine litigation, regardless.

¶ 35 Because plaintiffs' case against the Lewises, United and Kidde must proceed in Maine and Gilbert, a Maine resident, is a part of that litigation and the instant litigation in the circuit court, it is more convenient for all the parties to have the litigation ongoing in one state rather than two states. Since Illinois does not have jurisdiction over all of the defendants and Maine does, this factor favors dismissal in favor of Maine. We find that the circuit court failed to consider this factor.

¶ 36 We next look at the relative ease of access to testimonial, documentary and real evidence. First, due to modern technology, the location of documentary evidence is a less significant consideration than ever before. See *id.* ¶ 36 (observing that "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the

modern age of Internet, email, telefax, copying machines, and world-wide delivery services, since those items can now be easily copied and sent"). As such, the circuit court correctly found that the location of documentary evidence is neutral. Regarding real evidence, the only potential real evidence identified by the parties are smoke detectors, which, as the court observed, are portable and can be transported anywhere easily. Given the portability of the potential documentary and real evidence, the relative ease of access to testimonial evidence is what matters most in this case.

¶ 37 Airbnb has identified various Maine-based witnesses who may have to testify in this case, including Gilbert, and many nonparty witnesses such as the Lewises, the neighbors of the Lewises, guests at the Lewises' home when the fire started, the Maine State Fire Marshall, personnel of the Maine Department of Public Safety, fire investigators, healthcare professionals and "others." Although several of these witnesses were identified in Airbnb's *forum non conveniens* motion and the affidavit of Weed, which was attached to the *forum non conveniens* motion, some were not, including the unnamed neighbors of the Lewises, various unnamed healthcare professionals and the vague "others." Airbnb cannot rely on the supposed inconvenience in traveling for a trial of these unnamed witnesses. See *Brant v. Rosen*, 373 Ill. App. 3d 720, 728 (2007).

¶ 38 Meanwhile, plaintiffs have identified the need for witnesses from North Carolina-based Kidde, the company that supplied four of the five smoke alarms in the Lewises' house, and the Chicago area coworkers of Zamora Sr. from Home Depot, who allegedly had knowledge of Kidde's advertising of smoke alarms at Home Depot. Based on the record on appeal, despite alleging the existence of witnesses from Kidde located in North Carolina and Zamora Sr.'s coworkers located in Illinois, plaintiffs did not provide the circuit court with the names of any of these potential witnesses except for Sharon Cooksey, the manager of marketing and communications for Kidde, and her predecessor, Heather Caldwell, though there is no indication

in the record where Caldwell currently lives. Just like Airbnb, plaintiffs cannot rely on the supposed inconvenience of unnamed witnesses. See *id.* Additionally, plaintiffs have noted that the supplier of the fifth smoke alarm in the Lewises' house has yet to be identified (*i.e.*, a John Doe defendant), but assert that we may take judicial notice of the fact that there are no smoke alarm suppliers located in the state of Maine. Plaintiffs, however, provide no legal citation for this assertion, and we do not find that such an assertion can come under the purview of judicial notice. See *Murdy v. Edgar*, 103 Ill. 2d 384, 394 (1984).

¶ 39     Although the circuit court properly disregarded the unnamed witnesses in finding that the relative ease of access to evidence favored Cook County, it did rely, in part, on Gilbert's location in Cook County when, in reality, she actually resides in Maine, where the majority of the other named nonparty testimonial witnesses are located. In a case of this nature, plaintiffs will in all probability call an expert witness as will the defendants. However, each party failed to name such experts, and as a result, we cannot consider where they will be coming from since they are not named. It is true that not all of the named nonparty witnesses would have to travel to testify for a trial, as evidentiary depositions could be used in lieu of live trial testimony (see *Taylor v. Lemans Corp.*, 2013 IL App (1st) 130033, ¶ 21) and such testimony could be had by videoconference technology (see *In re R.D.*, 2021 IL App (1st) 201411, ¶ 24). Likewise, it is undisputed that witnesses from Airbnb would likely have to travel in from California, as the court observed. But plaintiffs have not identified a single potential named nonparty witness in their brief that actually resides in Illinois compared to the many potential named nonparty witnesses identified by Airbnb that reside in Maine. This is not a case where the identified potential witnesses are scattered all across the country such that no single forum can be said to be more convenient than the next. See *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 834 (2006). Rather, with the

inclusion of Gilbert living in Maine and the substantial majority of the named nonparty testimonial witnesses being located in Maine, Maine becomes the more convenient location for the relative ease of access to evidence. See *Hansen-Runge v. Illinois Central R.R. Co.*, 2020 IL App (1st) 190383, ¶ 29 (finding where an "overwhelming majority" of the identified nonparty witnesses lived in Iowa and none of them resided in Illinois, Iowa was the more convenient location for the relative ease of access to testimonial evidence).

¶ 40 We next turn to the availability of compulsory process to secure the attendance of unwilling witnesses. It is undisputed that an Illinois court would not have subpoena power over an unwilling witness from Maine and thus, could not compel any nonparty witnesses located in Maine (see *Gridley*, 217 Ill. 2d at 174), where, as noted, the substantial majority of the named nonparty testimonial witnesses are located. Although there would likely be witnesses from Airbnb, who reside in California, this does not pose a problem because, as employees, Airbnb can secure the attendance of these witnesses itself. See *Fennell*, 2012 IL 113812, ¶ 31. Thus, Maine has an advantage in regard to the availability of compulsory process to secure the attendance of unwilling witnesses.

¶ 41 We next look at the costs to secure the attendance of willing witnesses, a factor in which we generally look at the transportation costs to bring the various witnesses to the potential forums. See *Evans v. Patel*, 2020 IL App (1st) 200528, ¶ 45. The circuit court found that, because the potential witnesses were located in various different places—California, Illinois, Indiana and Maine—Cook County was the more favorable location in terms of transportation costs. However, this conclusion overlooks a critical detail: the pending litigation in Maine between plaintiffs and the Lewises, Gilbert, United and Kidde. If plaintiffs' case against Airbnb were allowed to proceed in Cook County, their lawsuit would still proceed in Maine against the Lewises, Gilbert, United

and Kidde. And it is likely that many of the witnesses needed for a trial in plaintiffs' case against Airbnb would be the same witnesses needed for a trial in plaintiffs' case against the Lewises, Gilbert, United and Kidde given the similar theories of liability and the death of Zamora Sr. being at issue. In other words, several witnesses needed for a trial in Cook County will already be required to travel to Maine, resulting in travel to Cook County being duplicative and superfluous. Thus, contrary to the court's finding, it cannot be said that the costs to secure the attendance of willing witnesses favor Cook County. Rather, in the interests of judicial economy and to avoid duplicate costs, this factor favors dismissal. See *Gridley*, 217 Ill.2d at 169 ("The doctrine of *forum non conveniens* is founded in considerations of fundamental fairness and sensible and effective judicial administration.").

¶ 42    Finally, the last two private interest factors are the viewing of the site where the accident occurred and "all other practical considerations that make a trial easy, expeditious, and inexpensive." *Fennell*, 2012 IL 113812, ¶ 15. As the circuit court found, the Lewises' house was razed, so there is no possibility of viewing the site where the accident occurred and thus, this factor does not favor dismissal. Concerning all other considerations that that make a trial easy, expeditious, and inexpensive, the court found this factor favored Cook County because counsel for plaintiffs and Airbnb had offices here. While this is undoubtedly true, "the location of the parties' attorneys is accorded little weight in determining a *forum non conveniens* motion." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 450 (2006). The little weight we do afford to the location of the parties' attorneys does not affect our ultimate conclusion in this case.

¶ 43    In sum, there will be a trial in Maine involving plaintiffs and the Lewises, United, Kidde and Gilbert arising out of the same incident and based on nearly identical theories of liability as plaintiffs' lawsuit against Airbnb in Cook County, which the circuit court did not consider.

Additionally, the court failed to realize that the substantial majority of the nonparty witnesses are located in Maine subject only to subpoena power of a Maine court. And lastly, although the court did not know that Gilbert had moved from Illinois to Maine, this fact would change its consideration of an important factor. Because the court did not consider the parallel proceedings in Maine and relied substantially on a fact that is no longer true, contrary to the court's overall conclusion, the private interest factors strongly favor dismissal in favor of a Maine court.

¶ 44                                    B. Public Interest Factors

¶ 45    We now turn to the relevant public interest factors, beginning with the interest in deciding controversies locally. The majority of plaintiffs' allegations against Airbnb focused on the Lewises' house posing an unreasonable risk based on its design and the allegedly inadequate ionization-triggered smoke detectors, which led to the death of Zamora Sr. in Maine. The situs of the accident can be the most important factor in giving an action a local interest. See *Dawdy*, 207 Ill. 2d at 183; *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 343 (1994). However, plaintiffs also alleged that Airbnb violated the Illinois Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2016)). In this count, they alleged that Airbnb made false and misleading representations regarding the Lewises' house in its promotional, advertising and marketing materials about the habitability and safety of the house, which were directed to Cook County, including to Zamora Sr.

¶ 46    Unlike plaintiffs' first three counts against Airbnb, which were focused on the Lewises' house in Maine, the Illinois Consumer Fraud Act claim focused on Airbnb's allegedly tortious activities in Cook County that allegedly led to the death of a Cook County resident. This claim gives Illinois, in particular Cook County, a local interest in the case. See *Gridley*, 217 Ill. 2d at 175 ("In the absence of a valid Illinois Consumer Fraud Act claim, we see no strong policy reason or other strong Illinois connection to this case that would weigh in favor of Illinois."). While the

location of the accident occurred in Maine, and this can be the most important factor in giving an action a local interest (*Dawdy*, 207 Ill. 2d at 183), there are nevertheless Cook County connections to the litigation, such that Cook County does have an interest in deciding the case, as the circuit court concluded.

¶ 47    The second public interest factor is the unfairness of imposing the burden of jury duty on residents of a forum with little connection to the litigation. As the case does have some connection to Cook County, it would not be unfair to impose the burden of jury duty on residents of Cook County, as the circuit court found. See *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 892 (2008) (observing that, where Cook County has an interest in deciding a controversy, "[i]t thus follows that jurors residing in Cook County have an interest in hearing and resolving such a claim").

¶ 48    Next, we address the third public interest factor, the administrative difficulties caused by adding litigation to already congested court dockets rather than resolving the case at its origin. Notably, when Airbnb filed its initial *forum non conveniens* motion in August 2017, it utilized data comparing court congestion from Cook County to Lincoln County, Maine, which Airbnb posited was an appropriate venue for adjudicating the case. However, since Airbnb filed its initial motion, plaintiffs filed their nearly identical complaint against the Lewises, Gilbert, Airbnb, United and Kidde in the superior court of York County, Maine. Although Airbnb did reference statistics showing the amount of cases filed in the Maine court system as a whole in its initial motion, Airbnb never included the relevant statistics of court congestion in the superior court of York County and it did not include such statistics in its supplemental memorandum, which were available to be cited. See    Maine    Judicial    Branch,    2016    Annual    Report    (available    at

https://www.courts.maine.gov/about/reports/ar2016.pdf) (the report cited in Airbnb's *forum non conveniens* motion).

¶ 49    Additionally, as the circuit court observed, while Airbnb presented statistics concerning court congestion in the Maine court system as a whole, it did not present any evidence that a Maine court would resolve the case less quickly than Cook County. See *Guerine*, 198 Ill. 2d at 517 ("Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly.") Moreover, the circuit "court is in the better position to assess the burdens on its own docket" when deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 451. Because Airbnb never presented any statistics demonstrating that a Maine court, in particular the superior court of York County, would resolve the case more quickly than Cook County, and because the court is in a better position to assess the burdens on its own docket, the circuit court correctly found that this factor did not weigh in favor of dismissal.

¶ 50    Lastly, Airbnb asserts that, because the fire occurred in Maine, Maine law would apply to plaintiffs' causes of action. Although Airbnb raised this factor in its *forum non conveniens* motion, the circuit court did not discuss it when denying the motion. However, it is a factor that courts often look at when analyzing such motions. See *Gridley*, 217 Ill. 2d at 175; *Moore v. Chicago and North Western Transportation Co.*, 99 Ill. 2d 73, 80 (1983). Illinois utilizes the approach of the Restatement (Second) of Conflict of Laws (Restatement). *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 61 (2007). Under the Restatement, the objective in tort cases is to apply the law of the state that has the most significant relationship to the parties and the cause. Restatement (Second) of Conflict of Laws § 145(1) (1971); see also *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 160 (2007). There is a "strong" presumption in tort cases that the laws of the state where the injury occurred should determine the rights and liabilities of the parties unless another state has a more

significant relationship to the cause. Restatement (Second) of Conflict of Laws § 146 (1971); *Townsend*, 227 Ill. 2d at 166.

¶ 51    Our supreme court has observed that "[t]he need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens*." *Moore*, 99 Ill. 2d at 80. However, "[a]lthough choice-of-law issues are a factor to consider, they are not usually dispositive." *Koss Corp. v. Sachdeva*, 2012 IL App (1st) 120379, ¶ 137. And even if the circuit court had to apply Maine law in this case, it could competently do so. See *Woodward*, 368 Ill. App. 3d at 837 ("An Illinois court is competent to determine which law applies to this controversy and to apply the law of Australia, if necessary."). Additionally, the parties failed to discuss whether the Illinois Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2016)) claim would be allowed if this case proceeded in Maine and thus forfeited this issue. See Ill. S. Ct. 341(h)(7) (eff. Oct. 1, 2020). Forfeiture aside, if the evidence shows a violation of that act, a Maine court will have the ability to enforce its provisions. As such, the need to apply the law of a foreign jurisdiction does not move the needle in this case.

¶ 52    In sum, Cook County does have a connection to this litigation through the death of one of its residents based, in part, on the allegedly tortious marketing conduct of Airbnb directed at Cook County residents, which in turn, does not impose an unfair burden of jury duty on residents of Cook County. In light of this and because there was no evidence presented that the superior court of York County, Maine, would resolve this case more quickly than Cook County, the public interest factors are relatively neutral in application. Therefore, the circuit court correctly found that the public interest factors did not favor dismissal of this action.

¶ 53    As discussed initially, because Zamora Sr. lived in Cook County at the time he passed away, plaintiffs' right in selecting Cook County as the forum for their litigation is entitled to

substantial deference. Nevertheless, we find this to be a rare case in which plaintiffs' choice of forum should be disturbed. The private interest factors strongly favored dismissal yet the public interest factors did not, but when viewed in their totality, the private interest factors strongly favored dismissal and override the relative neutrality of the public interest factors. The purpose of the *forum non conveniens* doctrine, specifically "fundamental fairness and sensible and effective judicial administration" (*Gridley*, 217 Ill. 2d at 169), would be thwarted if this lawsuit were allowed to proceed in Cook County while an almost identical lawsuit proceeded in Maine. "A plaintiff's right to choose a forum 'cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system.' " *Dawdy*, 207 Ill. 2d at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981)). To allow both of plaintiffs' actions to proceed—one in Cook County and one in Maine—would produce two trials concerning the death of Zamora Sr. with nearly identical theories of liability, nearly identical witnesses and undoubtedly result in significant judicial loss of time and money to the parties and would substantially affect the judicial economy. Such an allowance is unreasonable under the circumstances, and in this case, the consideration of the private and public interest factors as a whole warrant dismissal. We therefore find that the circuit court abused its discretion when it denied Airbnb's motion to dismiss based on *forum non conveniens*. Consequently, we reverse the circuit court and remand the matter to the circuit court with directions to dismiss this action in accordance with Illinois Supreme Court Rule 187(c)(2) (eff. Jan. 1, 2018).

¶ 54                                   III. CONCLUSION

¶ 55    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the matter with directions.

¶ 56    Reversed and remanded with directions.